(December 3, 1896.)

# FRANTZ v. IDAHO ARTESIAN WELL AND DRILLING COMPANY.

## [46 Pac. 1026.]

LOAN OF STOCKHOLDERS TO CORPORATION—CORPORATION'S LIABILITY.—
The defendant, a corporation, having a judgment rendered against it upon which the sale of its property was imminent, not being able to procure money to satisfy said judgment upon its own credit, the money was raised by certain stockholders upon their individual note,

the corporation agreeing to protect them from the payment of said note. The corporation paid a portion of said note; the balance was paid by the individuals. *Held*, that the corporation was liable to the parties so praying for the amount paid by them. And the cause of action accrued at the time said payments were made.

STATUTE OF LIMITATIONS.—The statute of limitations is a personal privilege, and, to be made available, must be pleaded. It cannot be interposed by argument or inference.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

H. V. A. Ferguson, for Appellant.

In August, 1891, the defendant corporation was a judgment debtor, and was in danger of losing all its personal property by an execution sale. It had no money in its treasury, and, as a corporation, it was unable to effect a loan adequate to its needs. it had repeatedly attempted to make a loan and had failed. Among others, it applied to the First National Bank of Pocatello. The bank, through its cashier, M. C. Senter, Esq., informed the representatives of the corporation that it would not accept the corporation as security for a dollar; but it also informed them, in substance, that if they individually wished to procure a loan of money they could have it; that the bank considered them responsible citizens, and would cheerfully take their individual or joint paper. It appears that these preliminary facts were laid before the corporation at what is denominated in the corporation's minute-book a "stockholders'" meeting. It appears further that it was suggested that certain persons borrow money themselves and loan it to the corporation, or that certain persons volunteered to borrow money themselves and loan it to the corporation, upon the understanding that the corporation, being thereto authorized by resolution, would make and deliver its note to these private parties for the amount they loaned it, and secure the payment of said note by a chattel mortgage upon all the corporate property and effects. If the money was paid at "the special instance and request of the defendant," he must do one of two things: show an actual request by competent evidence, or show a state of facts which in law amounted to a request, and which it was necessary to regard in order to do substantial justice between the litigants, although, before th?

law will imply a request, there must have been duress of person
or property, or a voluntary payment supplemented by an express.
promise to pay, or a legal liability to pay the debt or answer for
the default or miscarriage of another.   (*Keith v. Easton Con-
gregational Parish*, 21 Pick. (Mass.) 261; *Nicholls v. Buckman*,
117 Mass. 488; *Smart v. White*, 88 Mo. 566; *Kenan v. Hollo-
way*, 16 Ala. 53, 50 Am. Dec. 1621; *Wolff v. Matthews*, 39 Mo.
App. 376; *Hale v. Huse*, 10 Gray (Mass.), 99; *Reeves v. Goff*,
3 N. J. L. 194; *Hogg v. Longstreet*, 97 Pa. St. 255.)  There was
no privity, no contractual relation, between the plaintiff, his as-
signor and the defendant corporation.  There can be no recovery
unless it can be shown that the money has been received by the
defendant or its agent.   (*Coates v. Bainbridge*, 5 Bing. 58, 15.
Ency. Com. L. 368; *Brent v. Davis*, 9 Md. 217; *Isom v. Johns*. 2
Munf. (Va.) 272; *Rush v. Good*, 14 Serg. & R. (Pa.) 226; *Allen
v. South Boston R. Co.*, 150 Mass. 200, 15 Am. St. Rep. 185, 22
N. E. 917; *Sterling v. Ryan*, 72 Wis. 36, 7 Am. St. Rep. 818,
37 N. W. 572; *Cobb v. Curtiss*, 8 Johns. 470; *Allen v. Wood-
ward*, 22 N. H. 544; *Walker v. Conant*, 69 Mich. 321, 13 Am.
St. Rep. 391, 37 N. W. 292; *Stoudt v. Hine*, 45 Pa. St. 30;
*Westcott v. Sharp*, 50 N. J. L. 392, 13 Atl. 243; *National Bank
v. Grand Lodge*, 98 U. S. 123.)   If the mortgage was valid, then
the law is clear; the plaintiff and his associates in the obli-
gation should have foreclosed their mortgage before bringing
their suit at law.   (*Barbieri v. Ramelli*, 84 Cal. 154, 23 Pac.
1086, and cases cited.  See, also, 2 Morawetz on Corporations,
sec. 627, on ratification of directors' acts by the corporation.)

Thomas F. Terrell, for Respondent.

The liability of the corporation need not be founded on writ-
ten contract, but upon the duty the law imposes, from benefits
it has received.  (Morawetz on Private Corporations, secs. 526,
715, 716; Beach on Private Corporations, secs. 422, 423, 425;
Clark on Contracts, 286, 287; 27 Am. & Eng. Ency. of Law,
371-374, and notes following each page; *Memphis etc. R. R. Co.
v. Dow*, 19 Fed. 388; *Sherman Center Town Co. v. Morris*, 43
Kan. 282, 19 Am. St. Rep. 134, 23 Pac. 569; *Seeley v. San Jose
etc. Co.*, 59 Cal. 22; *San Francisco Glass Co. v. San Francisco*,
9 Cal. 453; *Argenti v. San Francisco*, 16 Cal. 256; *Santa Cruz*

*R. R. Co. v. Spreckels,* 68 Cal. 193-199, 3 Pac. 661, 802; *Topeka Primary A. U. R. Co. v. Martin,* 39 Kan. 750, 18 Pac. 941; *State Board of Agriculture v. Citizens' St. Ry.,* 47 Ind. 407, 17 Am. Rep. 702; *Dill v. Wareman,* 7 Met. (Mass.) 438; *Waitz v. Ormsby Co.,* 1 Nev. 370; *Slater Woolen Co. v. Lamb,* 143 Mass. 420, 9 N. E. 823; *Oneida Bank v. Ontario Bank,* 21 N. Y. 490; *Rider Life Raft Co. v. Roach,* 97 N. Y. 378.) Where directors or stockholders of a corporation give their individual note to a bank, either directly for money or as collateral for money delivered to and used by the corporation, as between the corporation and the persons who gave the note to the bank, the relation of principal and surety exists. (*Street v. Old Town Bank of Baltimore,* 67 Md. 421, 10 Atl. 319.) The right to interpose the plea of the statute of limitations is waived, unless taken advantage of by demurrer or answer. (*Reagan v. Justice Court,* 75 Cal. 253, 17 Pac. 195; *Kelley v. Kriess,* 68 Cal. 211, 9 Pac. 129; *Gratton v. Wiggins,* 23 Cal. 16; *Osment v. McElrath,* 68 Cal. 466, 58 Am. Rep. 466.) If the demand be in truth barred, but the facts do not appear on the face of the complaint, the defense must be made in the answer. (*Smith v. Richmond,* 19 Cal. 477; *Mason v. Cronise,* 20 Cal. 217; *Cameron v. San Francisco,* 68 Cal. 390, 9 Pac. 430; *Manning v. Dallas,* 73 Cal. 420, 15 Pac. 34.) As to the manner of pleading the statute of limitations, see Revised Statutes of Idaho, section 4213.

HUSTON, J.—This is an appeal from a judgment of the district court for Bannock county. The facts are substantially as follows, as shown by the record: In August, 1891, the defendant was, and for some time previous to that date, had been, a corporation organized under the laws of Idaho, and doing business in this state. Being in need of money to carry on the business in which they were engaged, and not being able to procure the same upon the credit of the corporation, at a stockholders' meeting, held on the fifth day of August, 1891, the following record was made: "Meeting called to devise means to raise money to satisfy a judgment rendered in district court against the Artesian Well and Drilling Company in favor of the Carlisle Manufacturing Company of Carlisle, Pennsylvania. It was moved and seconded that a note payable at the First Na-

tional Bank be made to satisfy said judgment, and that a mort-
gage be executed to protect the signers of said note, covering the
entire plant of the concern.   Carried." It is contended that
this action of what was said to be a stockholders' meeting was
void, it not having been held in conformity with law or the
charter or by-laws of the company.   Nevertheless, in pursuance
of the same, it being ascertained that no money could be pro-
cured upon the credit of the company, the plaintiff and three
others, members and stockholders in the company, procured from
the First National Bank of Pocatello the sum of $1,700, giving
their personal note therefor, and which said sum of $1,700 was
by them paid into the treasury of said company for the purpose
of meeting the exigency aforesaid; said company at the same
time executing and delivering to said parties, to secure to them
the payment of said sum of $1,700, the note and mortgage here-
tofore mentioned.   When the note given to the bank by the
plaintiff and his comakers became due, its payment was ex-
tended; another note, being signed by four additional parties,
was given.   In the meantime the amount of the first note given
had been reduced to about $1,300 by payments made by the de-
fendant corporation, and for this latter amount the note of the
four original makers and four additional parties was given.   In
the language of plaintiff (testifying) : "When that note became
due, we all split up, and gave an individual note, except
West, and he gave his note, and we signed with him."   The
transaction last mentioned occurred on April 10, 1894, and the
notes so given have been paid by the parties who gave them.
This action is brought by plaintiff to recover from the defendant
corporation the amount of money so paid by him, alleged in his
complaint to be some $868.   The cause was tried before the
court without a jury, and judgment rendered for plaintiff, from
which defendant takes this appeal.

It is claimed by appellant that the findings and judgment of
the court are not supported by the evidence, because: First. The
plaintiff and three other persons made their note to the First
National Bank of Pocatello for a certain sum of money, which
they procured and loaned to the defendant corporation.   That
there was no privity or contractual relation between the plaintiff

and his comakers of the first note, and the defendant. We cannot accept this contention. The record shows conclusively—in fact, there is no disagreement between parties as to the facts—that the corporation defendant required a certain sum of money to protect them from a sale of their property upon execution. Not being able to raise the money upon the credit of the corporation, they say to the plaintiff and his comakers of the first note, "You raise the money for us, and we will secure you by a note and chattel mortgage upon the property of the company." The money being raised and paid over to and accepted by the defendant, the defendant executes its note and mortgage to the makers of the note to secure them (as stated in the resolution of the stockholders' meeting) against the payment of the note to the bank. That this was the understanding of all parties is shown by the fact that the defendant corporation paid several hundred dollars to the bank upon the note before it became due. With these facts admitted, how can it for a moment be contended that there was no privity or contractual relation existing between the makers of the note and the defendant? The plaintiff's right of action accrued upon the payment by him of his note, given for the benefit and behoof of the defendant corporation, and he was not required to resort to an attempted enforcement of the mortgage of doubtful validity. The complaint stated a good cause of action under our statutes. As the cause of action did not accrue until April, 1894, the statute of limitations could not avail the defendant, even had it been interposed, which it was not. The statute of limitations is a personal privilege, and must, to be made available, be pleaded directly. It cannot be interposed by argument or inference. The complaint is entirely sufficient. It states a cause of action which is fully made out by the proofs. The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.