(No. 5411.   May 2, 1930.)

JOHN E. STEINOUR and DORA STEINOUR, His Wife, Appellants, v. OAKLEY STATE BANK, a Corporation, E. W. PORTER, Commissioner of Finance of the State of Idaho, OAKLEY REALTY COMPANY, a Corporation, and WM. N. GOODMAN and Mrs. WM. N. GOODMAN, His Wife, Respondents.

[287 Pac. 949.]

Walters, Parry & Thoman and J. R. Keenan, cite no authorities on points decided.

Ray D. Agee, for Respondent Oakley State Bank and E. W. Porter.

Sweeley & Sweeley, for Respondent Oakley Realty Company et al.

BUDGE, J.—Different phases of the controversy between appellants and respondent bank have twice previously been before this court. (*Steinour v. Oakley State Bank*, 32 Ida. 91, 177 Pac. 843; Id., 45 Ida. 472, 262 Pac. 1052.) Brief repetition of the facts is necessary to a proper understanding and disposition of the present appeal.

Appellants, husband and wife, owned a tract of land in Twin Falls county which they mortgaged to one Edwards. On foreclosure, the property was bid in by an individual who assigned his certificate of sale to respondent bank. Period for redemption expired December 13, 1912. Tender of the amount due was made by appellants on the day following, and respondent bank refused to accept it. Sheriff's deed was later issued to the bank and appellants surrendered possession of the property. February 15, 1916, appellants filed a complaint against the bank, and later an amended complaint in the nature of an action to quiet title,

containing also allegations of fraud. Judgment of the district court dismissing the action for failure of appellants to plead further, after the entry of orders sustaining a demurrer and motion to strike certain allegations of the amended complaint, was reversed on appeal under the citation first above. The effect of the decision mentioned was to remove from the amended complaint of appellants the allegations of fraud and to overrule the demurrer. Thereupon, appellants filed a second amended complaint in the usual form of an action to quiet title. The bank filed a cross-complaint of like import. On trial of the cause the district court entered a decree quieting title to the property in the bank. An appeal was again perfected, and this court held (45 Ida. 472, 262 Pac. 1052, 1056) that for failure of appellants to make tender of the amount due under the Edwards mortgage within the statutory period for redemption the right to redeem was lost, title vested in the purchaser at foreclosure sale, and appellants had no title to quiet. It was said in the opinion: "We conclude, therefore, that plaintiffs (appellants) having failed to show title in themselves, their entire cause of action fails, and the action should be dismissed." The judgment of the district court in this respect was accordingly affirmed.

Within a month of the sending down of the *remittitur* under the decision last above referred to, appellants commenced the present action, a second amended complaint setting up the history of the transaction from its inception, alleging appellants were fraudulently dealt with by the bank in regard to a redemption of the property from foreclosure, offering to pay any and all amounts due under the mortgages or assessments against the property, asking for an accounting as to the rents and profits thereof, and seeking a redemption of the premises. Demurrers to said complaint having been interposed, principally on the ground of the running of the statutes of limitation against the cause of action, the same were by the court sustained and judgment entered dismissing the action. This appeal is taken from said judgment.

█ The one question here is whether or not the statutes of limitation have run against appellants' cause of action as set out in the complaint above. However the equities of the case be viewed, it is well settled these statutes apply both to equity and law cases and to the most meritorious claims. (37 C. J. 684, 740.)

At the time of commencement of the present action appellants had been out of possession of the property involved for over fifteen years. Such period is greatly in excess of any within which an action predicated for relief as is appellants' may be instituted in this jurisdiction. (C. S., secs. 6596, 6597, 6611, 6619.) It is apparent, therefore, that unless appellants can be shown to be within some exception to these statutes, their action is barred. They urge an interpretation of C. S., sec. 6626, whereby the action may be said to be timely. That section provides:

"If an action is commenced within the time prescribed therefor and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal."

█ The action with which we are here concerned was commenced within a year after the entry of judgment by this court upon the appeal considered and disposed of in 45 Ida. 472, 262 Pac. 1052. But, that was not a case reversing a judgment for appellants as plaintiffs; it was, as far as they were concerned, an affirmance of a judgment dismissing their complaint. There is no merit in the contention that a finding by the trial court of a balance in appellants' favor under an accounting directed by this court to be taken pending the appeal ultimately disposed of in 45 Ida. 472, 262 Pac. 1052, should be considered as a "judgment" for appellants within the meaning of C. S., sec. 6626. The cause remained in this court, the district court neither entered any judgment nor would it have had jurisdiction so to do, and upon further consideration this court completely removed that element from the case by deciding it upon an entirely different theory. It held appellants' com-

plaint there under consideration to be without allegations upon which to base relief, and settled the controversy upon the merits of the issues there involved.

If the allegations of fraud contained in appellants' initial complaint of February 15, 1916, were not at that time barred by the statute of limitations, they were entirely abandoned as shown by their waiver and withdrawal of the specification of error that the district court erred in striking them from the complaint. (*Steinour v. Oakley State Bank*, 32 Ida. 91, 95, 177 Pac. 843, on rehearing.) If it be conceded that the facts constituting the alleged fraud were not discovered until immediately prior to the filing of the original complaint in 1916, the three-year period for bringing an action based on fraud (C. S., sec. 6611, subd. 4) was then set in motion. The statute as to such cause of action was not tolled during the pendency of litigation between the parties seeking to have the same matter adjudicated on the basis of an action to quiet title. (37 C. J., p. 1053, sec. 474, p. 1083; 17 R. C. L., p. 871.) The allegations of fraud became *functus officio*, with acquiescence on behalf of appellants, by the final opinion of this court on rehearing in 32 Ida. 91, 95, 177 Pac. 843. They were first attempted to be resurrected by the present action, some twelve years after the admitted date of their discovery, four times the period prescribed for the commencement of an action based on fraud.

The judgment must be affirmed, and it is so ordered; costs awarded to respondents.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.