(No. 5563. October 1, 1930.)

FEDERAL RESERVE BANK OF SAN FRANCISCO, a Corporation, Appellant, v. GEORGE F. HANSBROUGH and DAISY G. HANSBROUGH, Husband and Wife, and LAURA A. SWAN, Respondents.

[292 Pac. 222.]

748

Merrill & Merrill, for Appellant.

G. F. Hansbrough and J. H. Anderson, for Respondents.

McNAUGHTON, J. — This is an action to foreclose a mortgage. The defense is a claim that the mortgage indebtedness sued upon has been canceled by agreement; the consideration for the agreement of cancelation relied upon being an assignment to the mortgagee of an interest in certain judgments. The rights of the parties herein are determined entirely by the construction and legal effect to be given a contract executed between the parties subsequent to the mortgage.

We shall briefly relate the circumstances out of which the misunderstanding and controversy arises. The note for $7,915.00, and mortgage in question, were executed and

delivered to D. W. Standrod & Co., Bankers, in June, 1923. Later the defendant Hansbrough, as attorney for the bank, performed legal services for the bank. Hansbrough and his associates earned fees agreed between them and the bank to be of the value of $7,000. These fees were assigned to Hansbrough and it is his contention that the bank was to credit his note with that amount. The bank failed to credit the amount on the notes. The litigation in which the fees were earned resulted in procuring for the bank two notes, one for $12,000 and one for $10,020, and security consisting of a pledge of 81,999 shares of the stock of the Swauger Land & Livestock Company.

The Standrod bank was heavily indebted to the plaintiff Federal Reserve Bank, and on the 27th of July, 1923, assigned the Hansbrough note and mortgages, and the Swauger notes and stock securing them, to the Federal Reserve Bank. On November 30, 1923, the Standrod bank failed. Respondent Hansbrough and his associates filed claim with the Commissioner of Finance for a preference against the massed assets of the bank. The claim was disallowed. On appeal to the district court the claim was decreed a lien against the massed assets of the bank. The Commissioner of Finance appealed from the decision.

While the case was pending on appeal, Hansbrough, being the owner of the judgment, entered into an agreement with the Federal Reserve Bank, evidenced by the following written contract:

"Know All Men by These Presents: That G. F. Hansbrough of Blackfoot, Bingham County, State of Idaho, the party of the first part, for and in consideration of the sum of One Dollar lawful money of the United States in hand paid by the Federal Reserve Bank of San Francisco, California, the party of the second part, the receipt whereof is hereby acknowledged, and for the further consideration of said second party releasing and cancelling all notes and mortgages it now holds against the said first party, has sold and assigned to said party of the second part, and to its assigns, the sum of Three Thousand Two Hundred and

Fifty ($3250.00) Dollars, of two certain judgments, one for the sum of $4500.00, and a one-half interest in a certain judgment for $2500.00, recovered by the party of the first part in the District Court of the Sixth Judicial District of Idaho, in and for Bingham County, on the 9th day of December, 1924, and recorded in Book 7 of Judgments, at page 117 of the Records of Bingham County, State of Idaho, against D. W. Standrod & Company, Bankers, a corporation, and E. W. Porter, Commissioner of Finance of the State of Idaho, in charge of said bank for the purpose of liquidation, and all moneys to be had or obtained thereon up to the amount of $3250.00.

"It being distinctly understood and agreed that this assignment of $3250.00 shall be a first lien upon all the interest of the said party of the first part, in and to said judgment, until said sum is fully paid, as hereinafter particularly specified and set out.

"It being understood and agreed that the said first party hereto is the owner of certain chattel property consisting of about 12 head of horses, five head of cattle and considerable farm machinery upon which said second party holds a chattel mortgage, that it obtained by assignment from D. W. Standrod & Company, a corporation, which said mortgage is dated on the 6th day of June, 1923, and recorded in the office of the County Recorder of Bingham County, Idaho, on the 20th day of June, 1923, and which said personal property shall be advertised and sold in the regular way, and the proceeds thereof to be applied on said $3250.00, and to be a credit thereon, and the remainder after such credit shall be paid out of the first money received by said first party from or out of said judgments, or either of them, until the full sum of $3250.00 shall be fully paid, and when the said above sum shall be fully paid out of the sale of said chattel property and out of the first money received by the said first party hereto, as aforesaid, the said second party hereby agrees and it is a condition of this assignment, that it shall and will return to the said first party all the notes and mort-

gages it has or holds against the said first party, properly cancelled and satisfied.

"It being understood that said first party shall control said judgments which are now on appeal to the Supreme Court of Idaho, from said District Court, and may compromise or settle them if he can make fair settlement, it being understood, however, that he shall not settle or compromise the same for a sum less than sufficient to pay any balance due on said $3250.00, after the proceeds of the chattel property is applied on said sum, as aforesaid.

"It is understood that this assignment and agreement is not binding on either of the parties until it is fully signed, and accepted without change by both parties.

"In Witness Whereof the parties have hereunto set their hands and seals this 5th day of March, 1925.

"G. F. HANSBROUGH,
"FEDERAL RESERVE BANK OF SAN FRAN-
CISCO,

"L. V. PONTIOS,
"By Deputy Governor.

"(Seal)

"(Endorsed on back:) March 21, 1925, pd. on within assignment from sale of chattels Seven Hundred Fifty-six and 93/100 Dollars ($756.93). (Endorsement made by M. Taylor, Collecting Agent, Federal Reserve Bank of San Francisco.) Filed Jan. 18, 1928."

After this contract was entered into the supreme court rendered its decision on the judgments involved, finding that said claims and judgments were not entitled to preference and were not a lien upon the massed assets of the bank, but found from the record that the claim being for attorney's fees in procuring the Swauger Land & Livestock Company stock, the claim constituted a statutory lien on that stock, and in its *remittitur* directed the district court to amend its decree and direct the sale of said stock and the application of the proceeds in payment of the judgment, with any balance remaining to participate in the assets of the bank remaining for claims of the fourth class.

Execution upon the judgment entered pursuant to the *remittitur* of the supreme court disclosed the fact that the notes and the stock had been assigned by the Standrod bank to the Federal Reserve Bank and had been sold by the Federal Reserve Bank for $15,000.

Hansbrough then began an action for conversion against the Federal Reserve Bank and others, claiming damages in the conversion by sale of said stock in the amount of the judgments mentioned in the foregoing contract, and thereupon this action was begun by appellant.

Appellant makes nineteen assignments of error, but these, all except the first, are concerned with arriving at a proper construction and in giving a proper legal effect to the contract.

The judgment entered by the trial court is based upon the finding that this contract was made upon a valuable new consideration and effected a settlement and full liquidation of defendant Hansbrough's indebtedness to the Federal Reserve Bank. If this is a proper construction, the decree based upon it must be affirmed.

Appellant contends first that the court should construe the contract as having been given merely as additional security for the consideration and with the understanding that if the amount mentioned were paid from the judgments the plaintiff would cancel the balance of the mortgage indebtedness. It is claimed only this construction can be reconciled with the clause providing that the bank should have a lien on the whole judgment until paid its portion, and also that this position is further strengthened by the clause requiring the bank to surrender the note and mortgage after receiving its portion of the funds eventually collected on the judgment.

We cannot accept this view. The contract, in language clear and unmistakable, assigns to the Federal Reserve Bank *pro tanto* $3,250 of the judgments referred to. This is not as security, but the contract states clearly this assignment is in consideration of one dollar and the further consideration of said second party releasing and canceling all

notes and mortgages it now holds against said first party. There is no ambiguity here—no chance for evidence in aid of construction. (*First Nat. Bank v. Cruickshank*, 38 Ida. 789, 225 Pac. 142; *Hurt v. Monumental Mercury Min. Co.*, 35 Ida. 295, 206 Pac. 184.) The Federal Reserve Bank became the owner of an interest in the judgments referred to. It paid for that interest by canceling the mortgage indebtedness. This was a second mortgage.

We cannot see where the other clauses in the contract affect this relation.

The contract provides for the sale of the chattels and the delivering of those funds to the appellant bank. The bank's interest in the judgments to be thereupon reduced dollar for dollar in that amount. The contract provides that Hansbrough is to have control of the judgments with right to compromise or settle, provided he shall not settle for a sum less than the bank's interest. It also provides that the bank's interest is to be paid out of the first moneys received. It provides that the note and mortgage be held by the bank until this is done, and in addition the bank is to have a lien on the whole judgment until its interest is thus paid, upon the settlement or satisfaction of the judgment.

In view of the provision that Hansbrough is to control the judgments, with right of settlement upon the specified conditions, it seems to us the provision for lien upon the whole of the judgments and the right to retain the note and mortgage was meant as security against a breach of that condition imposed upon him in giving him control of the judgments, and nothing more. We cannot, therefore, accept appellant's construction of the contract.

It is claimed the judgment having been reversed the consideration failed. The reversal was not upon the merits; it was only for modification. Clearly the judgments were just as valuable, and the interest assigned to the bank was just as valuable, after the modification as before.

It is claimed the parties did not contemplate the supreme court would find and direct a lien against the land company stock and eventually against the funds in the

hands of the Federal Reserve Bank for which that stock had been sold. No doubt this is true. Granting the Federal Reserve Bank had not thought of such a result, mistakes as to matters of law do not relieve parties from the plain terms of their contracts, unless an unconscionable advantage is thereby gained by one of the parties over the other. (*Coolin v. Anderson,* 26 Ida. 47, 140 Pac. 969.)

In this case respondents' position is not bettered by the decision rendered in the supreme court modifying the decree. He has therefore acquired no unconscionable advantage.

In appellant's first assignment it complains of error in the trial court's refusal to strike portions of the affirmative defense. We think there was no error in refusing to strike the portion relying upon the contract as a defense, and the portions of the affirmative defense alleging estoppel on the ground of the contract. We think the third matter complained of in the first assignment, that is to say, the claim on behalf of the defendant that the matter was *res judicata* because not pleaded in the former action, might properly have been stricken; however, it is clear from the findings and the judgment that this last defense of *res judicata* was disregarded, and failing to strike it does not constitute reversible error.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.