## No. 13,361.

### Bowles v. Miller et al.
(40 P. [2d] 243)

Decided January 7, 1935.

Mr. Henry Howard, Mr. Barnard Cummings, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Hazel M. Costello, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant in error, the state board of land commissioners of the state of Colorado, in January, 1909, issued an assignable certificate of purchase to George E. Covington evidencing a contract of sale to him by the defendant of a quarter section of state school lands. The sale was regular in all respects, except a slight irregularity hereinafter mentioned. The interest in this land was regularly transferred through various conveyances to, and obtained and acquired by, the plaintiff in error Bowles. There was a reservation in this certificate in favor of the state of Colorado, of all minerals, ores and metals, coal, oil and other described things in and under such land, together with the right of ingress and egress to the state for the purposes of mining and extracting the minerals therein contained. This reservation is the irregularity hereinabove mentioned which plaintiff says the defendant board had no right, under the pertinent statutes of the state, to insert in this contract, and there was no power or authority in the board to make or enforce any such reservation. The parties are in accord that the matter for decision is whether the sale has been validated by the act of the parties. There is a second cause of action in the complaint which is the same as that in the first cause, except that it applies to other sales made by the defendant.

To set forth clearly the nature of the controversy as conceived by the plaintiff Bowles, we reproduce from his argument in the briefs the following: The contract in question was executory only; each party thereto was to perform one or more acts thereunder in the future. The purchaser made various payments thereunder from 1909 to 1912, aggregating about $3,500. In 1913 Bowles abandoned his rights under the written agreement of the

parties and thereafter exercised no control over the lands and never assumed to ratify the alleged various sales of land thereunder and on January 13, 1914, the defendant board ordered the certificate of purchase cancelled because of the alleged failure of the plaintiff Bowles fully to comply with the conditions of the contract on his part to be performed.

The defendant in error by the attorney general thus discloses the contentions of the state: The defendant board, at public auction in 1909, sold to one Covington the lands in Weld county involved in this action, thereby complying with the statutory provisions relating to such sales. Among other provisions is one that the sale is subject to a reservation of all minerals by and to the defendant representing the state of Colorado. Certificate of purchase was duly issued to the purchaser by the state land board as grantor. Covington, the grantee in this certificate, assigned his certificate to the Longmont Realty Company in 1910, which assignment was approved by the defendant, and ten months thereafter the Longmont Realty Company assigned the certificate to the plaintiff Bowles and the assignment was approved by the defendant. The next payment thereafter required by the contract was to be made in August, 1912, but neither this payment nor any future or further payments were ever made by the plaintiff or any one else in his behalf. In 1913 plaintiff Bowles voluntarily surrendered possession of the land in question and since then has not at any time exercised any dominion or control over the same or any part thereof. By reason thereof in 1914 the defendant board cancelled the certificate of purchase in question and declared all previous payments thereunder forfeited for failure to comply with the terms of the contract of sale. No question was cast upon the validity of the contract at the time the plaintiff abandoned the same and failed to make the further payments due. It was not until three years later that plaintiff questioned the power of the board to sell with the reservation of minerals.

There was a second cause of action or defense in the answer to the effect that the plaintiff, to whom the certificate of purchase had been assigned as above stated, failed to make the payments at the time or at all when the same became due and payable. In 1913 the plaintiff, or his predecessors in interest, abandoned the property in dispute. In 1914 the defendant, because of such failures of the plaintiff and his nonobservance of the terms of the contract, cancelled the certificate of purchase for failure to make either of the annual payments which were due in 1911, 1912, 1913 and 1914. During the years from 1909 to 1914 the plaintiff had the undisputed right of possession of the lands and the right to the rents, issues and profits therefrom which he received.

We have endeavored in the foregoing statement to set forth the facts and the theory of the parties just as they themselves claim them to be. How it is possible for a court of justice to grant to the plaintiff the relief which he demands we are unable to conceive. Even upon his own theory of the issues of the case it is virtually admitted that the plaintiff has failed to comply with the contract which he himself asserts he made with the defendant land board. The argument of the attorney general, in support of the judgment below, we think is conclusive upon the merits of this case. The attorney general thus summarizes the two alleged causes of action set up in the plaintiff's complaint: The state land board in 1909, sold at public auction to one George E. Covington, who is the remote grantor of the plaintiff, certain lands in Weld county and in the advertised statement it was stated that the lands would be sold with a reservation of all minerals. One year later Covington assigned this certificate to the Longmont Realty Company and the assignment was approved by the state land board. Several months later the Longmont Realty Company assigned the certificate to the plaintiff and this assignment was approved by the land board in 1911. The next payment made by the purchaser or assignee was in 1912, or two

and one-half years after the sale, at which time the payments due in January, 1911, and January 1, 1912, were made. No further payments were ever made upon this certificate as required thereby. In 1913 plaintiff voluntarily surrendered possession of the land and since that time has not exercised any dominion or control over the same. In 1914 the certificate of purchase was cancelled by the land board and the payments theretofore made thereon declared forfeited. We do not find in this record that any question was raised concerning the validity of the sale at the time the plaintiff abandoned the property and failed and refused to make further payments due.

In the second cause of action the balance of the purchase price for the land therein involved was to be paid in fourteen equal installments; only the first installment has ever been paid. The plaintiff and his predecessors in interest abandoned the property in question in 1913. In January, 1914, the defendant land board cancelled the certificate of purchase for failure to make the annual payments due in 1911, 1912, 1913 and 1914. The defendant contends, and we think properly, that under the pertinent statute of the state plaintiff cannot recover whether or not the alleged sales were validated by the Validating Acts of 1917 and 1919. Plaintiff abandoned the real estate in 1913, and it was not until 1927 that he demanded for the first time the return of the moneys which he paid on the purchase price of the land in question. Fourteen years had elapsed between the abandonment and the demand, during which time the certificates of purchase were cancelled by the state land board for failure on the part of the plaintiff to make the annual payments provided for, which were long past due. Whatever rights may have been acquired by plaintiff had he not abandoned the property of his own volition, is not the controlling question here. The fact is that he abandoned the property in 1913 for which he has assigned no valid reason, and not until 1927 did he raise any question concerning the validity of the sales to the plaintiff's

predecessors in interest. This court in *Walpole v. State Board,* 62 Colo. 554, 163 Pac. 848, and in *Gunter v. Walpole,* 65 Colo. 234, 176 Pac. 290, held void a reservation of minerals by the state land board in its sales of state lands. Plaintiff voluntarily surrendered possession of the lands years before the question of the invalidity of the sale of minerals was established in the Walpole and Gunter cases, and the defendant had cancelled the certificate of purchase for nonpayment of the purchase price of which no complaint was made at the time. It was not until 1927, many years after the abandonment by the plaintiff of his rights in the contract in question, that the demand for refund of the purchase money was made on the ground of mistake as to the law concerning reservation of minerals in sales of state lands. Mistake, which entitles the party asserting the same to relief, in such cases as this, is a mistake of fact, not a mistake of law. In 13 C. J. page 379, section 267, it is said: "It is laid down in general language in many cases that a mistake, in order that it may affect a contract, must be a mistake of fact, and that a mere mistake of law will not affect the enforceability of an agreement; and this is well settled as a general rule, not only at law, but also in equity." In *First Nat. Bank v. Shank,* 53 Colo. 446, 128 Pac. 56, it is said: "A mistake as to the legal effect of the contract where the language used is such as intended, is not available as a defense at law nor grounds for reformation." A mistake as to the legal effect of this certificate of sale is not sufficient ground on which to base this action. The mistake, if any mistake was made by the plaintiff, was not a mistake of fact but a mistake as to the law applicable. In 10 R. C. L., page 304, section 48, the author says that the general rule upon the question here involved, and which is applicable here, is that ignorance of the law, rather than ignorance of the state of facts, does not entitle the plaintiff in this case to the relief which he seeks.

The attorney general further contends that the plain-

tiff is not entitled to any relief in this case because for nearly twenty-five years he has slept on his rights, if any he had, and the courts should not be astute in such cases to award relief. It is not necessary to pass upon this contention, since our affirmance of the judgment may be, and it is, based upon other grounds above stated.

Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.