225 P.2d 858

**RIVERA v. JOHNSTON et al.**

No. 7630.

Supreme Court of Idaho.

June 26, 1950.

On Rehearing Jan. 9, 1951.

Walter M. Oros, Boise, for respondents.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for appellant.

GIVENS, Justice.

Appellants appealed because any award was made, and respondent cross-appealed because the amount was too low, from an award of the Industrial Accident Board to respondent, widow of the deceased employee, for $200 burial expenses and $1,000 compensation.

Appellants assign as errors: the Board's refusal to correct the transcript by striking out of its minute entry the words, "Mr. Musgrave (Manager of State Insurance Fund) withdrew formal answer and admitted the allegations of claimant's petition," and substituting therefor, "Mr. Musgrave admitted the allegations of Paragraph VII (hereinafter quoted) of claimant's petition; that the findings of fact are not supported by the evidence; and the Board erred in ruling as a matter of law, claimant was entitled to compensation death benefits."

Appellants refer to this recital in the Board's Order settling the transcript: "Whereas the Board has considered and denied a purported objection thereto filed February 23, 1950, by defendants, which objection appears to be in fact in the nature of an untimely motion for relief from a stipulation now considered by defendants to have been unwisely made". But this does not disclose appellants requested the Board to correct the transcript, and no such application or any showing in support thereof is made herein. Such assignment is, therefore, too nebulous to be considered. Carey v. Lafferty, 59 Idaho 578 at 583, 86 P.2d 168.

The pertinent parts of the record before us, at the most, consist of: the employer's notice of death, stating:

"(i) Date of Death—October 28th—Body discovered Oct. 29.

\*    \*    \*    \*    \*    \*

"(n) Describe in full how accident happened—Dead Employee was found Friday morning Oct. 29 by Burt Wolfkiel while riding range for cattle. Apparent cause of death was a heart attack.·

\*    \*    \*    \*    \*    \*

"(p) Attending Physician or Hospital where sent. Name and Address—Investigation made ʳ & body taken by Elmore County Corner, Mt. Home, Ida.

\*    \*    \*    \*    \*    \*

"(r) Give Names and Addresses of Relatives and Dependents If Known.

| Names | Relationship | Address |
|-------|--------------|---------|
| Mrs. Joe Rivera | Wife | 411 Main St. |

"Date of this Report Nov. 1, '48"

Respondent's petition for hearing, with claim for compensation attached, stating among other allegations: that deceased received a personal injury arising out of and in the course of his employment October 28, 1948, resulting in his death the same day; that the employer was notified of said accident on or about November 1, 1948; that no compensation agreement had been reached; and "That at the time of said accident and injury and death, Mrs. Anna B. Rivera was married to said Joe Rivera and entirely dependent upon him for support. That claimant has never attended school and is unable to coherently speak the English language and reads the same with difficulty and is entirely without relatives or other persons or representatives legally qualified under the provisions of the Workmen's Compensation Law to make claim in

her behalf within the year subsequent to said accident and death, and upon said grounds alleges her. inability and incompetency to make claim for Workmen's Compensation benefits within the time required by law." That claimant was informed defendants were ready to make a voluntary payment to claimant of $1200 in full discharge of their liability; prayed for a hearing, and that an award of $1200 cash for workmen's compensation award for death of her husband be made; and attached as exhibits claim for compensation, marriage license and certificate, and receipt for funeral expenses of $425.

Appellants, employer and his insurance carrier, State Insurance Fund, filed an answer verified by the manager of the Fund and signed by counsel therefor, denying all allegations of the petition; except that deceased was in covered and insured employment, respondent's dependency, decedent's rate of pay, that no compensation agreement had been reached and that no claim for compensation, as required by Section 72-402, I.C., had been filed within a year of the death (i. e., until December 4, 1949.

■ The Board's minute entry dated January 9, 1950, is:

"By stipulation of the parties this matter came on before the full board for hearing, notice of time and place being waived. Walter M. Oros appeared for the claimant, and Walter C. Musgrave, Manager of the State Insurance Fund, appeared on behalf of the Fund. Mr. Musgrave withdrew formal answer and admitted the allegations of claimant's petition.

"Whereupon the Board ordered an award entered in accordance with the prayer of the petition. * * *."

The Board's findings, as material, were:

"Pursuant to stipulation of the above named parties, in which due notice and time and place of hearing this matter were waived, the same came on regularly for hearing in the offices of the Industrial Accident Board at the Capitol in the City of Boise, County of Ada, State of Idaho, before the Industrial Accident Board on the 9th day of January, 1950. Claimant was not present but was represented by her counsel, Walter M. Oros, Esq.; defendants were represented by Walter C. Musgrave, manager of the State Insurance Fund, surety, who, before the Board, orally amended defendants' answer, admitting all the allegations of claimant's petition, and the matter was thereupon submitted for decision, and the following is hereby made:

"I

"That on October 28, 1948, Joe Rivera was employed as a sheepherder by E. C. Johnston in Elmore County, Idaho, and on said date, State Insurance Fund was surety for said defendant under the Workmen's Compensation Law of the State of Idaho. That said employment was covered under said law.

* * * * * *

## III

"That on October 28, 1948, the said Joe Rivera, already afflicted with an infirm heart, received a personal injury by accident arising out of and in the course of his employment with his employer, and the combination, said heart condition and accident, resulted in his death on said date, all of which said defendants have admitted.

\* \* \* \* \* \*

## VIII

"That defendants have offered claimant, because of the premises, the sum of $1200.00 cash in full discharge of their liability if any, under the law."

### Rulings of Law

"Claimant, Mrs. Anna B. Rivera, **is** entitled to an award against the defendants, E. C. Johnston and State Insurance Fund, and each of them, for compensation death benefits in the sum of $200.00 cash for burial and $1000.00 cash."

Much was said in oral argument about, and inferences or implications were sought to be presented which are not based on the record before us. However, we are restricted to and must decide the case *on the record.*

The statute of limitations is a personal privilege which the law gives to the debtor. Sterrett v. Sweeney, 15 Idaho 416, 98 P. 418, 20 L.R.A.,N.S., 963, 128 Am. St.Rep. 68. It must be pleaded or interposed to be taken advantage of and if not raised will be deemed abandoned. Frantz v. Idaho Artesian Well etc. Co., 5 Idaho 71, 46 P. 1026; McLeod v. Rogers, 28 Idaho 412, 154 P. 970. The running of the statute does not deprive the tribunal of jurisdiction, it merely bars relief. Anderson v. Ferguson, 56 Idaho 554, 57 P.2d 325; Fortner v. Cornell, 66 Idaho 512 at 517, 163 P.2d 299.

In Moody v. State Highway Dept., 56 Idaho 21 at 26, 48 P.2d 1108, at 1110, the statutory bar was raised by the pleadings and the court expressly did not consider whether it could be waived: "We repeat that appellants having pleaded the bar of the statute (section 43-1202, supra), and no claim for compensation having been made and served upon appellant State Highway Department (employer) within a year after the accident, it is unnecessary to determine whether that statute is mandatory, or can be waived by failure to plead it, for the reason that, in either case, respondent could not recover against his employer."

Sections 72-901, 902, 903, 904 and 909, I.C. give the State Insurance Fund manager complete power over the Fund and settlements thereby. He thus had power to bind the Fund, Telford v. Bingham Co. Farmers Mut. Ins. Co., 52 Idaho 461, 16 P.2d 983; Bales v. General Ins. County of America, 53 Idaho 327, 24 P.2d 57, which has the status of a private insurance company. Brady v. Place, 41 Idaho 747 at 755, 242 P. 314, 243 P. 654; Burum v.

76

State Compensation Ins. Fund, Cal.App., 169 P.2d 256 at 260; and Id., 30 Cal.2d 575, 184 P.2d 505 at 510.

■ Statutes of limitations are applicable in equity and to proceedings. Steinour v. Oakley State Bank, 49 Idaho 293, 287 P. 949, Section 5-240, I.C. "Process and procedure under this act [Workmen's Compensation] shall be as summary and simple as reasonably may be and as far as possible in accordance with the rules of equity.* * *" Section 72-601, I.C.

■ The Workmen's Compensation Law must be liberally construed in favor of dependents. Sanders v. Ray, 67 Idaho 200, 174 P.2d 836.

■ The statute requiring a claim to be filed within a year, being merely a statute of limitation, may be waived. Katsanos v. Industrial Commission, 71 Utah 479, 267 P. 781; Utah Delaware Min. Co. v. Industrial Commission, 76 Utah 187, 289 P. 94; Chief Consol. Min. Co. v. Industrial Commission, 78 Utah 447, 4 P.2d 1083.

■ The Fund, by withdrawing its answer and its denials and making the recited admissions, waived the statute of limitation, and there remained in the record no traverse at all in behalf of appellants, Bocock v. State Board of Education, 55 Idaho 18 at 21, 37 P.2d 232, of the accident as compensable, and liability therefor was thus conceded and admitted, and it was not necessary for respondent to produce any proof thereof.

"Consequently there is no basis for respondent's criticism that claimant did not produce more evidence with regard to the accident. The accident was admitted." In re Soran, 57 Idaho 483 at 487, 67 P.2d 906, at 908.

■ Respondent cross-appealed contending that the Fund, having admitted factual liability, the only award as a matter of law that could be made is that established by the statute—which is correct. The amount of the award for compensable death is fixed by statute and allows of no deviation. Hence, the Fund having, by withdrawal of its answer, admitted the allegations of the petition that death had occurred by reason of an accident arising in the course of and out of the employment, the only valid award that could be made was that fixed by statute and no agreement could change or authorize a different award, higher or lower.

"Under the provisions of the Workmen's Compensation Act and the decisions of this court heretofore referred to, we are of the opinion that while the board is authorized to approve an agreement of settlement as provided by I.C.A. § 43-1402, such agreement must incorporate, otherwise there will be read into the agreement, the provisions of the Workmen's Compensation Act, and it is not within the power of the board to award a lesser or different compensation to claimant than that provided by the Workmen's

Compensation Act although he was suffering from a pre-existing and progressive disease. The agreement admits permanent total disability attributable to the injury and the statute provides a fixed compensation for such permanent total disability. The fact that appellant was suffering from a pre-existing and progressive disease of appendicitis would be immaterial, if the injury sustained was the result of the accident. That portion of the agreement which provides for compensation for permanent total disability for 300 weeks only as being attributable to the injury cannot be sustained." Hanson v. Independent School District 11-J, 57 Idaho 297 at 303, 65 P.2d 733, at 736.

"The Industrial Commissioner has power to approve an agreement only when the terms of such agreement conformed to the provisions of the act. There was no lump sum settlement as contended by appellant. The Compensation Act specifically sets out the conditions whereby such settlements can be made. Section 2477m14, as amended (see Code 1927, §§ 1405-1407 [I.C.A. §§ 85.45-85.47]). It is not contended that the appellant complied with the conditions for a lump sum settlement as defined by the act. We are here dealing with a memorandum of settlement, which, as pointed out, is required to be filed with the Industrial Commissioner primarily for the information of the Commissioner, and to enable him to determine if the settlement made is in accordance with the terms, conditions, and provisions thereof. Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 194 N.W. 286. A memorandum agreement was involved in that case, and in the opinion the purpose and intent of a memorandum agreement is discussed, and in the opinion it is said: 'No one will assume to affirm that if a workman has signed an agreement which secures to him substantially less than the amount to which he is entitled under the schedule on the basis of time lost or injury actually sustained, that he will be bound by the agreement.' There are no jokers in the Iowa Compensation Law. It means what it says. Good-faith dealing is required, and we will not indulge in an assumption inconsistent with the legislative intent. Since the Industrial Commissioner is given powers to approve a memorandum agreement of settlement, that power can only be exercised in accordance with the terms of the act. This power necessarily implies that the Commissioner has a knowledge of the law to guide him in giving his approval." Comingore v. Shenandoah Artificial Ice, P. H. & L. Co., 208 Iowa 430, 226 N.W. 124 at 127-128; Forbes v. Ottumwa Sand Co., 216 Iowa 292, 249 N.W. 399. It may be said the law favors agreements and compromises; this cannot change the law.

" 'That the interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on

either party, shall be approved by the judge of the circuit court of the county where the claim for compensation under this act is entitled to be made. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The costs of the proceeding, which shall not exceed two ($2) dollars shall be borne by the employer.'" Mangrum v. Aetna Life. Ins. Co., 153 Tenn. 209, 280 S.W. 1011 at 1012.

We do not have such a provision, but even it did not sustain an amount different from that provided in the statute.

"For the petitioner it is argued that the law favors agreements made by the parties, and that the provision of the act requiring the agreement to be approved by the court was inserted for the purpose of protecting the claimant against imposition and fraud, and that, where no fraud or imposition has been practiced upon the claimant, it is the duty of the trial court to approve the agreement, regardless of whether the amount stipulated is more than that provided in the act.

"While that position is plausible, it does not, as a whole, accord with the spirit of the act, which is to award compensation as specifically provided therein; that is, for a certain injury award the sum which the act provides for that injury.

"We agree with counsel that one of the objects of section 27 was to protect claimants from fraud and imposition, but a further object was to see that the act was administered according to its terms and conditions, so as to do justice between the parties, under the law, just as in any other case.

"It was not contemplated by the act that a sum either greater or less than that provided therein should be approved and decreed by the court; but, where the act provides a specified sum for a particular injury, that sum only should be awarded claimant.

"The Workmen's Compensation Act, as a whole, contemplates a simple and inexpensive plan by which the parties, independent of counsel, can agree upon a settlement conformable to the provisions of the act; and, to effectuate this object, it is provided that such agreement shall have the approval of the court. Without such approval the agreement is not binding upon either party.

"The attitude of the court, in such matters, is well stated by Mr. Snyder in his Treatise on Workmen's Compensation Law, vol. 2, p. 1270, as follows:

" 'Amicable settlements, between the employer and the employee, of claims arising under the Compensation Act are looked upon with favor both in England and in this country, when such settlements comply strictly with the provisions of the statute and are open and fair to both parties.'

"Suppose the facts were reversed, and an agreement had been entered into under terms of which the dependent was to receive 30 per cent., although entitled under the act to 50 per cent., could a court justify the approval of such a contract upon any ground?

"If unfair and unjust to approve an agreement for 30 per cent. when the claimant was entitled to 50 per cent., would it not be unfair and unjust to approve an agreement for 50 per cent. when the claimant was only entitled to 30 per cent.?

"In Vester Gas Range & Manufacturing Co. v. Leonard, 148 Tenn. 665, 257 S.W. 395, it was held that an agreement entered into by the parties, but not approved by the court, was not binding and did not bar a claim for additional compensation.

"The converse of the proposition is necessarily true, for otherwise the contract would be unilateral and unenforceable for that reason.

"Upon the authority of the case just referred to, if petitioner had contracted for 30 per cent. of the weekly wage, when she was · entitled to 50 per cent., she could recover the ·additional 20 per cent. By a parity of reasoning, where the defendant contracted to pay 50 per cent. when only liable for 30 per cent., the court should relieve it of the excess." Magnum v. Aetna Life Ins. Co., supra.

▓▓▓▓▓ It is contended that appellants withdrew their answer containing their denials and acknowledged liability only on some kind of an agreement not disclosed in the transcript, whereby in connection with their admission of liability they were to pay only $1200. Their appeal from the award for $1200 would not be consistent with their having made such an agreement, because either they made no such agreement or by their appeal, they indicated they did not intend to abide by the agreement. Be that as it may, if there were any mistake or misunderstanding as to the Fund's admission of liability only to the extent of $1200, such was a mistake of law, because all parties are charged with knowledge of the statute, particularly the Fund; Telford v. Bingham Co. F. Mut. Ins. Co., supra, 52 Idaho at 471, 16 P.2d 983, which is a creature of the statute and operates exclusively in connection therewith. A mistake of law does not entitle appellants to any relief as there is no showing in the record or hint of overreaching or unconscionable conduct by respondent. Coolin v. Anderson, 26 Idaho 47 at 57, 140 P. 969; Anderson v. Coolin, 28 Idaho 494 at 501, 155 P. 677; Federal Reserve Bank of San Francisco v. Hansbrough, 49 Idaho 747 at 755, 292 P. 222; Bowles v. Miller, 96 Colo. 145, 40 P.2d 243 at 245; Commercial Standard Ins. Co. v. Suttle, 200 Okl. 321, 193 P.2d 563 at 566, 17 C.J.S., contracts, 145, p. 500.

The award of the Board is reversed and the cause remanded with directions to

enter an award in accordance with the statute. Costs, but no attorney's fees, to respondent and cross-appellant.

HOLDEN, C. J., and PORTER, TAYLOR, and KEETON, JJ., concur.

## On Rehearing

Between the date of the original opinion and the rehearing, the Honorable EDWIN M. HOLDEN, C. J., resigned and the Honorable CHARLES F. KOELSCH, District Judge, was called in and participated on rehearing.

GIVENS, Chief Justice.

Appellants asked for a rehearing and therewith sought augmentation of the record to include the Fund's claimed showing before the Board, requesting amendment and correction of the original transcript and proceedings, thereby proving the Fund never waived all of its answer, but at the most only the paragraph interposing the statute of limitation, inferentially admitting only claimant's asserted incompetency, and thus there was no basis for the Board's awarding of compensation, because in the absence of such complete withdrawal of the answer, there was no showing of a compensable accident.

The Court granted a rehearing and augmentation thus: "The Industrial Accident Board is required to immediately set a time for a hearing to determine what actually took place at the time the Fund withdrew its answer herein in whole or in part, permitting showings and countershowings by all parties interested. The Board to ultimately, definitively determine and state exactly its conception of the correct record of the proceedings at that time and certify the same, with all showings and countershowings, to this Court in augmentation of the original transcript filed herein."

Thereafter, the Board filed with the Court an additional transcript containing a recitation by the Board of the proceedings leading up to the award, a statement of the conference and promulgation of the minute entry quoted in the original opinion thus: "Upon Mr. Oppenheim's return, all members of the Board being present, the official reporter was called in and Mr. Oppenheim dictated in the presence of Mr. Musgrave, the Manager and of Mr. Oros the Minute Entry which appears in the certified transcript. No objection was voiced by anyone at that time." There was also included a letter from the attorney for the Fund indicating the Fund had no objection to paying the claim (as stated in her petition) for $1200 to Mrs. Rivera on proof she was the legal widow and upon a proper order being entered, which requirements were complied with.

In addition to such narrative, there is the testimony of the Manager of the Fund to the effect he only admitted Paragraph 7 of claimant's petition, which asserted her incompetence. As diametrically opposed to this is the testimony of respondent's attor-

ney that at the hearing the Manager actually and verbally withdrew the Fund's answer and admitted every allegation in respondent's petition.

The Board, in compliance with our Order, thus concluded their resolution of these conflicts: "The Board, having heretofore certified to the Supreme Court what it regards as the judicial record herein, adheres to its former certification but will submit to the Supreme Court a transcript of the proceedings at this hearing held under its order of November 21, 1950."

The Board thus adheres to its original minute entry reciting that "the Manager of the Fund withdrew formal answer and admitted the allegations of claimant's petition" has certified to us as a finding of fact, such withdrawal and admission.

This proceeding cannot be considered as a compromise of a common law controversy, but is governed by the statutes. Authorities cited in original opinion and Cretella v. New York Dock Co., 289 N.Y. 254, 45 N.E.2d 429, though there is ostensible authority to the contrary, Brigham Young University v. Industrial Commission, 74 Utah 349, 279 P. 889, 65 A.L.R. 152; Barber Asphalt Corporation v. Industrial Commission, 103 Utah 371, 135 P.2d 266. Though it may be argued the Fund's withdrawal of its answer and admission of the allegations were only conditional; i. e., upon the payment of only $1200, no amount was due to or could be paid either to the State, if there were no heirs, or to claimant, unless there were a compensable accident; the amount of the award is positively fixed by the statute and no less amount could be agreed upon.

By the augmentation of the record and the rehearing, we have thus considered every point raised by appellants in their assignments of error and petition for rehearing. Adhering to the proposition first laid down, that the extent of physical disability—in this case death—having once been determined, the amount of compensation must be irreducibly in accordance with the statute (there could, of course, be no change of condition); therefore, on the basis of the finding of fact by the Board, based on substantial though conflicting evidence, that the Fund withdrew its entire answer and admitted the allegations of the petitioner— "That on or about the 28th day of October, 1949, Joe Rivera received a personal injury caused by accident arising out of and in the course of his employment with his employer, E. C. Johnston, which employment was covered by the Workmen's Compensation Law and death resulted from said accident on or about said date," the only valid award that could be made is for the full amount of compensation as provided by the statutes, and therefore, the conclusion in the original opinion is reaffirmed. Costs to respondent.

PORTER, TAYLOR, and KEETON, JJ., and KOELSCH, District Judge, concur.

This opinion was completed and agreed upon prior to the expiration of the term of CHARLES F. KOELSCH, District Judge.