## BIXBY v. CRAFTS et al.

### Sac. No. 515; May 31, 1898.

#### 53 Pac. 404.

**Pledge—Lien—Conversion.—A Pledgee of Stock,** even if he converts it, by depositing it in escrow under an agreement to convey it to one on exercise of his option of purchase on all the corporation's property, does not thereby lose his lien, under Civil Code, section 2910, the pledgor having waived the tort by electing to treat the pledgee's contract as authorized.

**Limitations—Necessity of Pleading.—**The statute of limitations, to be availed of, must be pleaded.

APPEAL from Superior Court, Sierra County.

Action by A. M. Bixby against S. S. Crafts and others. From the judgment plaintiff appeals. Affirmed.

F. D. Soward for appellant; F. D. Wehe and S. B. Davidson for respondents.

BRITT, C.—On February 4, 1880, plaintiff transferred in pledge to defendant S. S. Crafts certain shares of stock in the Hope Mining Company, a corporation, as security to Crafts for past and future advances of cash and merchandise had and to be had of him by plaintiff. On August 1, 1895, said mining company entered into a contract with defendant F. W. Page, whereby the latter obtained the option to purchase all the company's property within the period of eighteen months, upon terms specified in the contract. Crafts and other holders of the company's stock ratified such contract, and agreed, on the consummation thereof by Page, to convey to him their several holdings of stock, the certificates of which they deposited in escrow pending the exercise of Page's option. Plaintiff commenced this action on November 13, 1895. In his amended complaint (to which said corporation was made a party defendant) he averred, among other things, that he waives "the tort of defendant S. S. Crafts in so executing the aforesaid agreement, and elects to treat such contract and deposit of the aforesaid stock in escrow as binding upon himself, save and except that his rights thereunder be protected by a decree of this court." He prayed that an account be taken to determine the amount due from him to Crafts; that any balance found due be paid by Page out of money to become payable from him under said contract with the Hope Mining Company; and that he (the plaintiff) be subrogated to the rights of Crafts therein. There was a cross-complaint by Crafts, to which pleading plaintiff answered. By its judgment the court ascertained the amount due from plaintiff to Crafts, and decreed that plaintiff be allowed to redeem his stock by paying such amount within ninety days; otherwise that the stock be sold by the sheriff to raise the same, balance of the proceeds of sale, if any, to be paid to plaintiff, any dividends accruing meanwhile to be used in effecting redemption, and plaintiff to receive any excess thereof.

On appeal it is argued that by the contract with Page, and by depositing the certificate of stock in escrow, Crafts converted the stock, and so lost his lien as pledgee: Civ. Code, sec. 2910. But plaintiff seems to overlook the fact that by his pleading he waived the tort of Crafts in this behalf (if tort there was), and elected to treat the contract with Page as one Crafts had authority to make. It is said also that Crafts' account against plaintiff was barred by the statute of limita-

tions, and hence that his lien on the stock was lost: Civ. Code, sec. 2911. It is sufficient reply to say that plaintiff did not in his answer to the cross-complaint, or elsewhere, plead the bar of the statute. Plaintiff further complains that the court did not subrogate him to the right of Crafts under the contract with Page; but by redeeming the stock, as allowed by the judgment, he would become entitled as holder thereof to his proportionate part of all the benefits derived by the corporation from the contract with Page, and Crafts was entitled to nothing more than that. It is not perceived how plaintiff could have any other subrogation. The judgment fully protected the rights of plaintiff, and should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.