(April 15, 1907.)

## JACOB M. HUBER et al., Respondents, v. MOTHER AURELIA OF ST. JOSEPH'S HOSPITAL et al., Appellants.

[89 Pac. 942.]

MOTION FOR CONTINUANCE—ABSENCE OF WITNESS—EVIDENCE EXPECTED FROM WITNESS—NEW TRIAL—REFUSAL TO INTRODUCE FURTHER EVIDENCE.

1. When on motion for continuance due diligence is shown on the part of the moving party, and that the absence of the witness is the result of unavoidable accident, but it appears that the principal testimony expected from the witness would be in conflict with the testimony of the witness as given on a previous trial of the same case, it is not an abuse of discretion to deny a continuance.

2. Where a case has been reversed and remanded with directions that a new trial be granted, "or if either party does not care to introduce new testimony, the court may make findings of fact and conclusions of law and enter judgment in accordance with the views herein expressed," and when the case is called for trial the plaintiff elects to submit his case on the evidence introduced by him on the previous trial, and defendant thereupon moves for a nonsuit and declines to introduce any evidence, and the court makes findings on the evidence taken at the former trial and enters judgment accordingly, such judgment will not be disturbed on appeal, upon the contention by appellant that no evidence was introduced and no new trial was had.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Cause came on for new trial or further proceedings on *remittitur* from supreme court. Judgment was entered in favor of plaintiffs, and defendants moved for a new trial, which motion was denied. Defendants appealed from the judgment and order. *Affirmed.*

Charles L. McDonald, for Appellants.

As will be seen by reference to the former decision of this court, a new trial was granted. Code of Civil Procedure, section 3522, defines a new trial as "a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or referee." We take this to mean a trial *de novo*, requiring the same degree of proof as would the original proceeding.

An examination of the record here will show that no trial was had whatsoever. The court, over the objection of appellants, entered judgment for respondents without any hearing whatsoever on the merits of the controversy, or the taking of any testimony upon which a decree could be based.

An attempt was made by respondents to introduce in evidence the record of the former trial; but, as is shown by this record, no identification of the same was made and it is not in evidence. There was absolutely no evidence before the court upon which it could base its findings, conclusions or decree.

George W. Tannahill, for Respondents.

The respondents have filed a motion to dismiss the appeal, for the reason that the judgment is entered in accordance with the directions of this court, and these directions were observed and followed to the letter. Neither party desired to introduce further evidence, and, after giving each an opportunity to be heard and introduce their evidence if they so desired, and each declined, the court proceeded to carry out the mandate of this court in accordance with the views expressed in said decision. (*Idaho Comstock Co. v. Lindstrom,* 9 Idaho, 785, 76 Pac. 762; *Phillips v. Salmon River Min. Co.,* 9 Idaho, 775, 76 Pac. 1128.)

If the absent witness, whose evidence appellants claim is so material, had testified as set forth in the affidavit for continuance, his former evidence would have impeached him, and the court did not abuse its discretion in denying the motion for a continuance.

AILSHIE, C. J.—This case has been here once before on appeal (*Huber v. St. Joseph's Hospital*, 11 Idaho, 631, 83 Pac. 769), and after considering it at some length, it was remanded with the following instructions: "The judgment is reversed and a new trial granted; or if either party does not care to introduce new testimony, the court may make findings of fact, conclusions of law and enter judgment in accordance with the views herein expressed."

After the *remittitur* was received in the trial court, the defendant at the next term thereafter moved for a continuance on the grounds of the absence of the witness, Isaac J. Galbraith. Galbraith was the superintending architect who had charge of the hospital and other buildings at the time the work was done and the buildings constructed. The affidavit which was made by the attorney for the defendant set forth that the witness resided in Spokane, Washington, and that he had agreed to attend as a witness at the trial of the case, which trial had been set for April 25, 1906, and that on April 20th, the witness' wife was injured in a street-car accident, and had ever since been in a hospital in Spokane, and that the witness' son was also in a hospital, where a limb had been amputated. For those reasons the witness was unable to attend the trial of this case on the 25th of April, but that if the case could be continued until another term of court, the witness could be produced and his testimony had in open court.

The affidavit then sets up facts that the defendant expected to prove by the witness, the principal of which are that the witness would testify that he never granted any extensions of time to the contractors; that he never waived the requirement of the contract that applications for extensions should be made in writing; and that he never at any time refused to make settlement with the plaintiffs, and that the plaintiffs had been paid for all extras, and that the defendant especially wanted this witness, in order to be able to use him to rebut any evidence that the plaintiff might further produce.

The court overruled this motion and immediately after the ruling by the court on this application, the following colloquy took place between the court and respective counsel:

"The Court (after motion for a continuance made by the defendants had been overruled): Have you any further evidence to offer?

"Mr. McDonald: I desire an exception to the ruling of the court refusing a continuance in this cause and ten days' time in which to prepare, file and serve a bill of exceptions.

"The Court: Mr. Tannahill has no evidence to offer. What do you say?

"Mr. McDonald: I ask for a nonsuit.

"The Court: You will not get it.

"Mr. McDonald: I will take an exception. I want the record to show I stated I was ready for trial.

"The Court: It shows it. I have asked you to furnish me any evidence you have, bring it in here, call your witnesses.

"Mr. McDonald: Counsel for defendants states at this time that he is attorney for the defendants and as the plaintiffs have made no affirmative showing whatever he asks that the cause be dismissed.

"The Court: The court overrules your motion.

"To which ruling of the court the defendants then and there severally excepted, which exception was allowed.

"The Court: You had better offer the old record in evidence. It says that if there is no other evidence offered, the court will enter up judgment. I suppose that it is already in evidence, but to have the record complete—

"Mr. Tannahill: Yes, we will offer it, have it identified and offered in evidence.

"The Court: It won't hurt anything at all.

"Objected to as incompetent, immaterial and irrelevant, which objection was overruled, to which ruling of the court the defendants then and there severally excepted, which exception was allowed."

If the witness Galbraith had never before testified in this case, and in the court in which the case was then pending,

we are satisfied the denial of the motion for a continuance would have been an abuse of discretion, in view of the showing that the defendants made both as to the reasons for the absence of the witness and the facts stated that could be proven by him. This witness, however, had testified upon the previous trial of the case, and the judge who ruled on the motion for continuance had heard the witness testify, and in addition thereto, the court had before him the record of the witness' evidence. From the record it is apparent that the witness at the first trial had admitted to granting extensions at different times and having made a memorandum thereof on the margin of the book kept by him during the performance of this contract. He also testified to other facts somewhat at variance with what defendants claimed could be proven by the witness, if present.

It is not an abuse of discretion to deny a motion for a continuance where the witness has previously testified, and the evidence that it is claimed he would give upon a succeeding trial would be in conflict with his previous testimony.

The proceedings had when this case was tried were rather irregular and informal, but it clearly appears that the defendants had ample opportunity to introduce any and all evidence they desired to present, and they had a right, under the previous decision of this court, to present to the trial court any evidence they might desire to produce. They might also have demanded that the plaintiffs produce any of their witnesses for further cross-examination. It was unnecessary, however, for the plaintiffs to produce the witnesses and re-examine them as to the same facts they had presented by them on the former trial.

This case was heard before the same judge who had tried it in the first instance, and he is presumed, as a matter of law, to have remembered what they testified to on the previous trial, and if he did not, as a matter of fact, so remember, he had the record before him. The plaintiff offered the record in evidence, and it was considered admitted by the court.

The defendants failed to avail themselves of the opportunity of introducing further evidence. If the defendants in

good faith wished to introduce further evidence, they should have done so when this case was called for trial. In view of the directions given to the trial court when this case was remanded for further proceedings, and also of the action taken and proceedings had when the case was again called for trial, we do not think we would be justified in reversing the judgment entered on the second hearing. The defendants have had ample opportunity to submit any additional facts or proofs they had, and could have had them considered and weighed by the trial court had they availed themselves of that opportunity.

The judgment should be affirmed, and it is so ordered, with costs in favor of the respondents.

Sullivan, J., concurs.