(January 18, 1916.)

## ANNIE McLEOD, Respondent, v. JOSEPH P. ROGERS, Appellant.

[154 Pac. 970.]

CAUSE OF ACTION—STATUTE OF LIMITATIONS IN BAR—SPECIAL DEMURRER —ANSWER—INSTRUCTIONS TO JURY.

1. Where it clearly appears on the face of the complaint that the cause of action is barred by the statute of limitations, the statute must be pleaded by special demurrer. Where, however, this does not appear on the face of the complaint, the plea of the statute must be taken by answer.

2. Where the statute of limitations is sought to be invoked as a defense, if it cannot be urged by special demurrer, and is not pleaded in the answer, it must, for the purpose of the action, be regarded as abandoned, and cannot be taken advantage of on objection to the admissibility of evidence.

[As to the nature and purpose of the statute of limitations, see note in 101 Am. St. 145.]

3. Where the transcript on appeal fails to contain instructions as given by the trial court, it will be presumed that the jury were correctly instructed upon all of the material issues involved as presented by the pleadings, and the judgment of the court will not be disturbed.

APPEAL from the District Court of the First Judicial District, in and for Shoshone County. Hon. William W. Woods, Judge.

Action on account. Judgment for plaintiff. *Affirmed.*

A. G. Kerns, for Appellant.

The statute of limitations begins to run from the time when the action might properly be commenced. (*Pridgeon v. Greathouse,* 1 Ida. 359.)

The statute of limitations was pleaded by special demurrer in the manner prescribed by our law. (Sec. 4213, Rev. Codes; *Chemung Mining Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226;

*Frantz v. Idaho Artesian Well & Drilling Co.*, 5 Ida. 71, 46 Pac. 1026.)

The fact that defendant answered after his demurrer was overruled does not amount to a waiver of the error committed against him. (*Miller v. Hunt*, 6 Ida. 523, 57 Pac. 315; *Corcoran v. Sonora Min. etc. Co.*, 8 Ida. 651, 71 Pac. 127.)

J. P. Gray and James A. Wayne, for Respondent.

The statute of limitations acts upon the remedy and not upon the debt, and the running of the statute does not extinguish the debt. (*Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44.)

To be available, the statute must be pleaded directly. (*Bixby v. Crafts*, 6 Cal. Unrep. 12, 53 Pac. 404.)

It cannot be interposed by argument or inference. (*Frantz v. Idaho Artesian Well & Drilling Co.*, 5 Ida. 71, 76, 46 Pac. 1026; sec. 4213, Rev. Codes.)

If it clearly appears from the face of the complaint that the cause of action did not accrue within the statutory time, the plea of the statute should be taken by demurrer. But if it does not clearly appear from the face of the complaint that the cause of action is barred by the statute of limitations, then the plea of the statute should be taken by answer. (*Chemung Mining Co. v. Hanley*, 9 Ida. 786, 794, 77 Pac. 226.)

It cannot be raised by an objection to the testimony, nor by a motion for nonsuit or directed verdict. (*Castagnino v. Balletta*, 82 Cal. 250, 23 Pac. 127.)

BUDGE, J.—On July 18, 1914, plaintiff filed her complaint in the district court of the first judicial district against defendant, alleging that between December 31, 1901, and November 1, 1913, plaintiff, at the special instance and request of defendant, furnished to defendant at plaintiff's residence in the city of Wallace, board and lodging; that such board and lodging so furnished during said period of time was of the reasonable value of $6,160, and that there was an

implied contract on the part of defendant to pay the same; that defendant had not paid any part of said sum, but that he had rented a dwelling-house to plaintiff from November 1, 1913, to July 31, 1914, at the agreed rental value of $25 per month, and that on this account defendant was entitled to offset the sum of $225.

To the complaint defendant filed a demurrer which was overruled. Thereafter defendant answered plaintiff's complaint, denying all the material allegations thereof and alleging affirmatively that he had paid plaintiff various sums of money, which payments were in full settlement of the claim sued upon; and as a counterclaim he set up that defendant had rented to plaintiff the dwelling-house mentioned in her complaint, and that she had occupied the same twenty-one months, paying no rent therefor, and was indebted to defendant on account of said rent in the sum of $525.

The cause was tried before the court and a jury, resulting in a verdict for the sum of $2,170 in favor of plaintiff. Judgment was thereupon entered, from which judgment this appeal is prosecuted.

Appellant assigns eight specifications of error, yet in his brief discusses and relies on but seven. The first error complained of is the action of the trial court in overruling appellant's demurrer. For causes of demurrer appellant alleged, (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the cause of action was barred by the provisions of sec. 4053, Rev. Codes (which is the section of the statutes which limits the commencement of actions on contracts, obligations or liabilities, not founded upon instruments of writing to four years); and (3) that the complaint was ambiguous in alleging a conclusive statement that said alleged contract was implied.

In our opinion the complaint states facts sufficient to constitute a cause of action, and it is not subject to the objection of ambiguity in alleging that the action is upon an implied contract. For the reason that upon its face this complaint states a cause of action, it is not subject to subdivision 2

of appellant's demurrer, namely, that the cause of action is barred by the provisions of sec. 4053, Rev. Codes.

This court held in the case of *Chemung Mining Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226, that if it clearly appears on the face of the complaint that the cause of action did not accrue within the statutory time, the plea of the statute of limitations should be taken by special demurrer. Where, however, it does not appear on the face of the complaint that the cause of action is barred by the statute of limitations, then the plea of this statute should be taken by answer.

Notwithstanding the complaint states a cause of action as to all items of indebtedness contracted within a period of four years prior to July 18, 1914, the date on which this action was commenced, appellant sought by demurrer to plead the statute of limitations to the entire complaint, and not to any particular portion of it.

This court in numerous cases has held that the plea of the statute of limitations is a personal one; that it is a privilege which the law gives to the debtor which he may waive or insist upon. The statute acts upon the remedy and not upon the debt. The running of the statute does not extinguish the debt, and to be available it must be pleaded directly, and cannot be interposed by argument or inference. (*Moulton v. Williams,* 6 Ida. 424, 55 Pac. 1019; *Sterrett v. Sweeney,* 15 Ida. 416, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44; *Bixby v. Crafts,* 6 Cal. Unrep. 12, 53 Pac. 404; *Frantz v. Idaho Artesian Well etc. Co.,* 5 Ida. 71, 46 Pac. 1026.) If, therefore, any portion of the debt sued upon was barred by the statute of limitations, it became the duty of appellant, if he wished to avail himself of this statute, to specifically point out the portion barred.

Appellant did not plead the statute of limitations in his answer, but his second assignment of error is based on the action of the trial court in overruling his objection to the introduction of any evidence on the part of respondent in support of indebtedness which occurred prior to four years be-

fore the commencement of the action, in violation of section 4053, *supra*. The statute of limitations could not be urged in this case by special demurrer, for the reason, as heretofore stated, that the complaint upon its face showed a cause of action. And, under the general rule of pleading, where the statute of limitations is sought to be invoked as a defense, and if it cannot be urged by special demurrer and is not pleaded in the answer, this defense cannot thereafter be relied on, but is deemed to have been waived. The trial court, therefore, did not err in overruling the objection to the introduction of the evidence complained of. (25 Cyc. 1405; *Meeks v. Hahn*, 20 Cal. 620.)

We have considered, but do not deem it necessary to discuss, the remaining three assignments of error urged by appellant to the admission of evidence, as we are of the opinion that the action of the trial court in admitting the evidence thus objected to was not prejudicial to appellant and did not constitute reversible error.

The remaining three assignments of error insisted upon by counsel for appellant go to certain instructions given and refused by the trial court.

Upon an examination of the transcript we find that the *praecipe* delivered to the clerk of the court by counsel for appellant fails to contain a request that the clerk include in the transcript all of the instructions given by the court, but requests that the transcript include only the instructions requested by respondent and given by the court and the instructions requested by appellant and refused. Not having all of the instructions given by the court before us, we must presume that the court correctly instructed the jury on all of the material issues involved as presented by the pleadings, and that the instructions of the court, taken as a whole, fairly submitted the case to the jury. That being true, the verdict of the jury and the judgment based thereon will not be disturbed by this court. (*Hopkins v. Utah Northern R. Co.*, 2 Ida. 300, 13 Pac. 343.)

Having examined all of the errors specified, and finding no substantial error in the record, the judgment must be affirmed, and it is so ordered. Costs are awarded to respondent.

Sullivan, C. J., concurs.

Justice Morgan did not sit at the hearing of this case or participate in the decision.