(April 5, 1924.)

## H. H. WARD, Appellant, v. BURLEY STATE BANK, a Corporation, Respondent.

[225 Pac. 497.]

JUDGMENT BY DEFAULT—SETTING ASIDE DEFAULT—ABUSE OF DISCRETION—CONSTITUTIONAL LAW—LEGISLATIVE FUNCTIONS—BANKS AND BANKING — INSOLVENT BANKS — CLAIMS AGAINST — CHAPTER 42, 1921 SESSION LAWS, HELD VALID.

1. The trial court did not abuse its discretion in opening a default and permitting an answer to be filed by a bank which was in the possession and under the control of the commissioner of commerce and industry when the action was instituted and whose officers were told by the commissioner that he "would look after and attend to the matter of the suit of the plaintiff against this defendant," the said commissioner failing to do so.

2. An enactment changing the procedure for prosecuting a claim against an insolvent bank, after action therefor has begun, which provides a new, different and adequate procedure according to which such claim can be presented and determined, is a valid exercise of legislative power.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County.   Hon. T. Bailey Lee, Judge. Appeal from order opening default.   *Affirmed.*

E. R. Dampier and L. H. Phillips, for Appellant.

In this case the defendant is pleading a mistake at law as a surprise to it in order to have the default vacated, and the court vacating a default upon the grounds of surprise, which surprise consists of a mistake of law, is abusing the judicial discretion of the court. (*Bemis v. Williams,* 33 Tex. App. 393, 74 S. W. 332; *Phillips v. Wheeler,* 10 Tex. 536; 8 Words and Phrases, 6818.)

S. T. Lowe, for Respondent.

Legislation which affects only the remedy or the procedure applies to actions pending at the time of the coming into effect of such legislation, and embraces pending actions even where such legislation does not specially so provide. (*Brainard v. Coeur d'Alene A. M. Co.,* 35 Ida. 742, 208 Pac. 855.)

"An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court; unless it appears that such discretion has been abused, the order will not be disturbed upon appeal." (C. S., sec. 6726; *Dellwo v. Peterson,* 34 Ida. 697, 203 Pac. 472; *Pittock v. Pittock,* 15 Ida. 47, 96 Pac. 212; *Humphreys v. Idaho Gold Mines etc. Co.,* 21 Ida. 126, 120 Pac. 823; *Nuestel v. Spokane Internatl. Ry. Co.,* 27 Ida. 367, 149 Pac. 462; *Montigo v. Robert Sherer & Co.,* 5 Cal. App. 736, 91 Pac. 261; *Williams v. Breen,* 25 Wash. 666, 66 Pac. 103; *Nash v. Treat,* 45 Mont. 450, 122 Pac. 745.)

The following cases also bear upon the question of the excusability of the defendant in this case: (*Beebe v. Northwestern Dairy Co.,* 62 Wash. 164, 113 Pac. 573; *Morse v. Callantine* (Cal.), 47 Pac. 635; *Watson v. San Francisco & Humboldt Bay R. R. Co.,* 41 Cal. 17; *Francis v. Cox,* 33 Cal. 323; *Collier v. Fitzpatrick,* 22 Mont. 553, 57 Pac. 181.

Where a defendant, after service of summons, is advised by an attorney whose advice he relies upon that he has no defense, the default will be set aside. (*Douglass v. Todd,* 96 Cal. 655, 31 Am. St. 247, 31 Pac. 623; *Wheratt v. Ellis,* 70 Wis. 207, 5 Am. St. 164, 35 N. W. 314; *Baxter v. Chute,* 50 Minn. 164, 36 Am. Rep. 633, 52 N. W. 369; *O'Brien v. Leach,* 139 Cal. 220, 96 Am. St. 105, 72 Pac. 1004; *Staley v. O'Day,* 22 Cal. App. 149, 133 Pac. 620; *Broderick v. Cochran,* 18 Cal. App. 493, 122 Pac. 972; *Mitchell v. California & O. C. S. S. Co.,* 156 Cal. 576, 105 Pac. 590.)

WM. E. LEE, J.—On January 17, 1921, the Burley State Bank being insolvent, its affairs were placed in the hands of the commissioner of commerce and industry. Thereafter, on February 11, 1921, appellant commenced an action in the district court for Cassia county, against the Burley State Bank, for the recovery of the sum of $3,231.66, and summons was served on the bank on the same day. On March 5, 1921, the default of the defendant for its failure to appear and answer the complaint was duly entered, and on March 10, 1921, a judgment was made and entered in favor of appellant and against respondent. On September 7, 1921, respondent served and filed in the district court for Cassia county a notice of motion and motion to vacate and set aside the judgment. The motion was supported by an affidavit of the assistant cashier of the respondent. Respondent also presented an answer to the complaint and asked to have the same filed. The motion was thereafter argued, and it was ordered that the default of the defendant and the judgment by default be vacated and set aside and that the answer theretofore presented by the defendant be filed in the cause. The appeal is from the order vacating the default judgment and setting aside the default.

At the time of the filing of the complaint, C. S., sec. 5290, was in force and effect. This section provides, among other things, that upon the taking possession of any bank by the department of commerce and industry, the posting of a notice, on the front door of the place of business of the

bank, announcing that the institution is in the hands of the department, "shall be sufficient to place all its assets and property, of whatever nature, in the possession of the department, and shall operate as a bar to any attachment proceedings whatever." On February 28, 1921, section 3, chapter 42, 1921 Session Laws, went into effect. Section 3, in substance, provided, among other things, that the taking over, by the commissioner of commerce and industry, of any bank, and the posting of the notice above mentioned, "shall operate as a bar to any attachment or any other legal proceedings against such bank or its assets, and no valid lien or claim can be acquired or created, or transfer or assignment made in any manner, binding or affecting any of the assets of such bank or trust company after the posting of such notice or after taking possession of any bank or trust company by the commissioner, without his consent." By referring to the dates hereinbefore mentioned, it will be seen that the complaint was filed after the commissioner of commerce and industry took possession of the bank and its assets, and that said section 3 went into effect before the default was taken and before the judgment was entered.

The motion to vacate the judgment was based upon two principal grounds: One, that at the time of the entry of judgment, the bank was in the hands of the department of commerce and industry and was not capable of being sued; the other, that the judgment was taken against the bank by surprise in that the department of commerce and industry had advised the officers of the bank that the bank was not capable of being sued, and that the department of commerce and industry "would look after and attend to the matter of the suit of the plaintiff against this defendant." It does not appear upon what particular ground of the motion the learned trial court ordered the judgment vacated. In the event, however, that the order is justified upon either of the grounds mentioned in the motion, it follows that the trial court did not abuse its discretion.

Appellant contends that when his action was instituted, there was no statute of this state prohibiting the commence-

ment of an action or the taking of a judgment against a bank in the hands of the commissioner of commerce and industry; that the repeal of C. S., sec. 5290, and the enactment of said section 3, could not affect the action in any manner nor prevent appellant from taking a valid judgment against a bank so situated; that the judgment was valid; and that, in vacating the judgment, the court abused its discretion.

Chapter 42, 1921 Session Laws, provides what shall be done by the commissioner of commerce and industry in handling the affairs of any bank placed under his control under said section 3. This act also provides a full, complete and adequate method of procedure for presenting and enforcing claims against such bank. The commissioner is required to cause notice to be given for the presentation of claims, and to allow or reject all claims. Upon notice by the commissioner for the rejection of a claim, the holder may commence an action to fix the amount of the claim and its order of priority; or, he may appeal from the order of the commissioner fixing the amount or priority of a claim, and the court is required to enter judgment, affirming, reversing or modifying the commissioner's action. The foregoing recitation of the provisions of chapter 42 shows that the law furnished appellant an adequate remedy for enforcing his claim; that he was not deprived of any vested right; but that the law merely changed the method by which he could enforce his claim.

It is not necessary to determine what right appellant had to prosecute his action prior to the enactment of said chapter 42. It is fundamental that he had no vested right to prosecute his claim against the bank according to the procedure existing when the action was commenced. The new enactment, providing appellant a new, different and adequate procedure, according to which his claim could be presented and determined, was a valid exercise of legislative power. (12 C. J., p. 974, sec. 558, p. 976, sec. 561, and cases cited.) The new act did not deprive appellant of any right; it affected only the procedure.

In the case of *Sansberry v. Hughes,* 174 Ind. 638, 92 N. E. 783, the court said:

"A remedy is nothing more than the means provided by law for the enforcement of rights, and is not of itself a right, except that when there exists but a single remedy for the enforcement of a vested right, such remedy cannot be wholly taken away, without providing some other reasonably convenient and efficient means of enforcement, without violating the Constitution, since a withdrawal of all legal means for the enforcement of a right is equivalent to a subversion of the right itself. But as pertaining to a mere remedy, there exists no doubt of legislative power to make such changes therein as to it seems fit, if in so doing it preserves or provides a reasonable means and opportunity for full enjoyment of the right."

See, also, *Brainard v. Coeur d'Alene Antimony Min. Co.,* 35 Ida. 742, 208 Pac. 855.

Despite the fact that the said section 42 provided that the taking over of a bank by the commissioner of commerce and industry should operate as a bar to any legal proceedings against the bank; that the law was specifically made applicable to banks already taken over by the commissioner of commerce and industry; and that it provided a simple and adequate method by which persons holding claims against banks in the possession of the commissioner of commerce and industry, as was this bank, could present such claims and have them passed upon, appellant did not choose to follow such obviously appropriate course in trying to realize on his claim, but followed another and different course, thereby seeking to acquire a lien upon the property of the bank, then *in custodia legis,* without following the procedure therefor provided by law. Appellant is not in the position of the ordinary litigant, who goes into court and, according to established practice, secures a default judgment. On the contrary, respondent, it seems to us, occupies a somewhat better position than the ordinary litigant, who neglects to protect his rights by failing to appear and answer a complaint duly served upon him. At the time of the commence-

ment of appellant's action, the commissioner had taken possession of the bank and its property and assets. During the time the commissioner had control of the bank and its property and assets, neither the bank, as a corporation, nor its officers or stockholders, had or could exercise any control or management of the bank, its property, assets or records. The bank was, therefore, not in the position of the ordinary person or corporation to make an appearance in the action and prevent the taking of a default judgment against it. It would seem, in view of these facts, that the bank was justified in relying upon the assurance of the commissioner that he "would look after and attend to the matter of the suit of the plaintiff against this defendant," for the commissioner was the only person in a position to defend the action.

This court, in *Pittock v. Pittock,* 15 Ida. 47, 96 Pac. 212, said:

"An application to open a default is addressed to the sound legal discretion of the trial court, and the order of the court will not be reversed on appeal, unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised, under the statute, to mold and direct its proceedings, so as to dispose of cases upon their substantial merits. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Miller v. Carr,* 116 Cal. 378, 58 Am. St. 180, 48 Pac. 324.)"

We conclude that the trial court did not abuse its discretion in vacating the default and in directing that the answer be filed.

At the hearing, appellant moved to strike the brief of respondent on the ground that it was not filed within the time provided by the rules. Appellant's brief was filed on August 30, 1922; respondent's brief was filed on February 9, 1924; and the cause was heard on February 12, 1924. It is apparent that respondent's brief was not filed in time, and no valid reason has been assigned for such failure.

The motion to strike will be denied, but respondent will not be permitted to recover costs for printing the brief.

Order affirmed. Costs, except for printing respondent's brief, to respondent.

McCarthy, C. J., and William A. Lee, J., concur.