264 P.2d 466

**PAULEY**

v.

**SALMON RIVER LUMBER CO., Inc.**

No. 8014.

Supreme Court of Idaho.

Dec. 17, 1953.

Maurice H. Greene, Raymond D. Givens, Boise, for appellant.

J. F. Martin, C. Ben Martin, Boise, for respondent.

PORTER, Chief Justice.

On December 11, 1950, appellant filed this action in the District Court of Ada County. By the complaint it is alleged that on February 9, 1946, one A. C. Solomon as General Manager of respondent specifically ordered and requested of the Bunting Tractor Co., Inc., certain parts, supplies and repairs to a model 50 caterpillar tractor; that such supplies and repairs were furnished by the said Bunting Tractor Co., Inc., to defendant; and that the agreed and stipulated value thereof was the sum of $3,410.26. It is further alleged that no part of said sum has been paid by the defendant except the sum of $500; that there is due, owing and unpaid the sum of $2,910.26; and that the claim of the Bunting Tractor Co., Inc., against defendant was duly assigned on September 2, 1949, to plaintiff. Plaintiff prayed judgment against defendant for the sum of

$2,910.26 with interest thereon from the first day of July, 1946, at six percent per annum.

On May 10, 1951, respondent filed its answer wherein it denied each and every allegation contained in the complaint except as otherwise admitted, and alleged four separate affirmative defenses. By its first affirmative defense, respondent alleged that said complaint and the relief sought thereunder were barred by the statute of limitations under the provisions of Section 5-217, I.C. By its second affirmative defense respondent alleged that the plaintiff has no interest in the action and that the Bunting Tractor Co., Inc., if it did in fact make an assignment of the claim to the plaintiff, did not at the time of the assignment nor at any time thereafter have any interest in the alleged claim, and that the same had been duly paid by the Aetna Casualty and Surety Company.

For its third affirmative defense, respondent alleged that the Aetna Casualty and Surety Company ordered the supplies and repairs for the tractor as set out in the complaint of the plaintiff. That if the general manager of respondent did in truth and in fact order the parts, supplies and repairs for the tractor, he was acting as an accommodation for Wynn Mizner, the owner of said tractor and for the Aetna Casualty and Surety Company who had an insurance policy on said tractor and in no other capacity and for no other purpose, all of which was well known to the Bunting Tractor Co., Inc., Wynn Mizner and the Aetna Casualty and Surety Company.

For its fourth affirmative defense, respondent alleged that on February 9, 1946, and for a long time prior thereto, the tractor in question was the property of Wynn Mizner which was known to the Bunting Tractor Co., Inc., and the Aetna Casualty and Surety Company. That prior to February 9, 1946, respondent employed the said Wynn Mizner as superintendent of its logging operations and rented his said tractor to be used by the said Wynn Mizner in carrying out his work. That at the time of the employment of Mizner and the renting of his tractor, defendant offered to insure the tractor against loss or damage and refused to employ Mizner or rent the tractor unless said tractor was insured; that the said Wynn Mizner at said time represented to defendant that the tractor was insured against loss or damage by a policy with the Aetna Casualty and Surety Company; and that as part of the consideration for the employment of Mizner and the rental of the tractor, Mizner agreed to procure an endorsement from the surety company endorsing the defendant as a named insured under the policy and that Mizner would pay any additional premium if required for such endorsement. It is further alleged that at the time repair parts were ordered for the tractor, the Bunting Tractor Co., Inc., was advised the tractor was insured with the Aetna Casualty and Surety Company and that it sup-

plied said repair parts for the benefit of Wynn Mizner and at all times had looked to the surety company and Wynn Mizner for the payment of its bill. And defendant further alleged upon information and belief that the surety company did actually pay to the Bunting Tractor Co., Inc., the sum of $2,910.26; that a dispute had arisen between Wynn Mizner, the Aetna Casualty and Surety Company and defendant with relation to the insurance policy and the payment of the bill of the Bunting Tractor Co., Inc., and that the same was settled by the surety company paying $2,910.26 to the Bunting Tractor Co., Inc., and defendant paying to Wynn Mizner a sum of money thereby settling and compromising all disputes and differences existing between the parties. Defendant prayed that plaintiff take nothing by his complaint.

On January 5, 1953, the cause was duly set for trial on February 16, 1953. On the date set for trial, appellant moved the court for an order vacating the setting and continuing the same for such time as the court deemed reasonable for the purpose of taking the deposition of W. A. Meisner (Wynn Mizner), of Sonora, California, for use by the plaintiff upon the trial. The motion was based upon the affidavit of Maurice H. Greene, one of the attorneys for plaintiff, and upon the affidavit of Ben Boice, M.D.

The affidavit of Maurice H. Greene shows that after the case was set for trial, negotiations were had with the attorneys for defendant with reference to taking the deposition of Meisner. It was agreed that the deposition should be taken in Stockton, California, on Saturday, February 7, 1953, at the hour of 10 o'clock a. m. That through one Harry C. Gray of Stockton, affiant contacted Meisner and arranged for Meisner to appear at Stockton for the taking of the deposition. That affiant made arrangements with one Herman Spalinger, a court reporter and notary public at Stockton, to take said deposition; for a law firm of Stockton to represent the plaintiff at the taking thereof; and that on February 4, 1953, affiant called said Meisner at his home in Sonora by telephone and was told by Meisner that he would be in Stockton at the time fixed for the taking of said deposition. That at about the hour of 10:30 a. m. on February 7, 1953, affiant received a long distance call from the attorney in Stockton representing the plaintiff and was informed by said attorney that he had just received a long distance call from Mrs. Cozort of Sonora who stated Meisner had been suddenly taken ill in the nighttime of February 6, 1953, was under a doctor's care and was physically unable to attend the taking of said deposition. The affidavit alleges the testimony of Meisner is essential on the part of plaintiff in the trial of the cause; and sets out the facts to which Meisner would substantially testify, the substance of such testimony being a denial of the third and fourth affirmative defenses of defendant.

The affidavit of Ben Boice, M.D. was dated February 12, 1953. It was to the effect that he is a duly licensed physician and surgeon in the State of California and practicing in the City of Sonora; that since February 8, 1953, he had attended a patient, W. A. Meisner, who since said date had been continuously confined to his bed suffering from pneumonia and that it is not possible for Mr. Meisner to leave his bed and make any trip at this time and that affiant is not able to prognose when Mr. Meisner's health will be such as to permit him to make a trip to Boise, Idaho.

The motion for continuance was by the trial court denied. And plaintiff having refused to proceed with the trial in the absence of the testimony of W. A. Meisner, upon motion of the defendant, the court entered judgment of dismissal of the action for lack of prosecution.

Thereafter on February 26, 1953, appellant filed a motion to set aside the judgment and reinstate the cause under the provisions of Section 5–905, I.C., upon the ground of inadvertence and excusable neglect in that at the time of the dismissal of the action appellant was unable to furnish the court an affidavit disclosing the true facts concerning his inability to secure the testimony of W. A. Meisner. Said motion was based upon the records and files in the cause and the new affidavit of Dr. Ben Boice. The new affidavit of Dr. Boice was dated February 18, 1953, and merely added to his first

affidavit that it was his professional opinion Meisner had been seriously ill for at least a day or two prior to February 8, 1953, and would not have been able on February 7, 1953, to travel from Sonora to Stockton, California, a distance of more than 65 miles.

Thereafter supplemental affidavits by W. A. Meisner and Lucille Cozort were filed in support of the motion. The affidavit of Meisner dated March 8, 1953, shows that on the evening of February 6, 1953, he became violently ill and requested his landlady, Mrs. Cozort, to call the doctor retained by his employer. That Mrs. Cozort attempted to contact such doctor but was unable to reach him and on Sunday, February 8, 1953, called Dr. Boice. That affiant from the evening of February 6, 1953, was violently ill and confined to his bed to February 8, 1953, when Dr. Ben Boice was called, and thereafter. And that he was advised by the doctor that he was suffering from pneumonia. The affidavit of Lucille Cozort is substantially to the same effect and was made the same day as the affidavit of W. A. Meisner.

Appellant's motion to set aside the judgment and reinstate the cause was by the court denied and overruled on May 1, 1953. From the judgment of dismissal and from the order denying and overruling the motion to set aside the judgment and reinstate the proceedings, appellant has appealed to this court.

■ Appellant contends that the court erred in denying appellant's motion for continuance and in denying appellant's motion to vacate the judgment of dismissal and reinstate the proceedings. It is well settled that a motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed unless such discretion has been abused. Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347, and cases therein cited. On the other hand such discretion should be exercised in a manner that tends to promote the decision of the controversy upon the merits. Pittock v. Buck, 15 Idaho 47, 96 P. 212; Hamilton v. Hamilton, 21 Idaho 672, 123 P. 630; Sessions v. Walker, 34 Idaho 362, 201 P. 709; Ward v. Burley State Bank, 38 Idaho 764, 225 P. 497; Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86; Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625.

In Huber v. Mother Aurelia etc., 13 Idaho 276, 89 P. 942, on motion for continuance the showing was that the witness was unable to attend the trial of the case on the day set because his wife had been injured in a streetcar accident and his son was in a hospital. The court held that it would have been an abuse of discretion for the court to deny the motion for a continuance if it had not further appeared that the witness had before testified in the case on the previous trial thereof, and the judge who ruled on the motion had before him the record of the evidence of the witness; and the testimony which it was claimed he would give upon the succeeding trial was in conflict with his previous testimony.

In Rankin v. Caldwell, 15 Idaho 625, 99 P. 108, the type of showing that must be made for a continuance on the ground of the absence of a witness was discussed, and the court held that it was not error to overrule a motion for continuance on account of the absence of a witness where the only showing of diligence was that the witness agreed to be present; and that an affidavit which states that a witness is ill and unable to attend trial is not sufficient without a further showing that the party making such affidavit is qualified to make the same by reason of his knowledge of the condition of the witness.

In Storer v. Heitfeld, 17 Idaho 113, 105 P. 55, where the affidavit for continuance showed one of the defendants was absent from the state attending the burial of a deceased brother and showed the facts to which the absent defendant would testify as a witness, and it appeared that the application for a continuance was made in good faith, it was held error for the trial court to overrule the motion for continuance.

In Corey v. Blackwell Lumber Co., 27 Idaho 460, 149 P. 510, the plaintiff made an application for continuance on the ground that he had not yet taken the deposition of a witness which he desired to

use at the trial. The court denied the motion and dismissed the action for want of prosecution. A motion was made to vacate and set aside the judgment of dismissal which motion was denied by the court. The appeal was from the judgment and from the order denying the motion. The action of the trial court in refusing to grant the continuance and in denying the motion to vacate the judgment was affirmed for the reason that plaintiff's affidavits failed to set out facts showing due diligence by the appellant in attempting to locate said witness in order to take his deposition. The court recognizes that the trial judge on the other hand would have been justified in granting the continuance but that this court could not say that he abused his discretion in refusing to grant the continuance under the facts set forth in the affidavits.

In Berlin Machine Works v. Dehlbom Lumber Co., 32 Idaho 566, 186 P. 513, the court held that "Where there is no evidence of a diligent effort to procure the attendance of a witness, refusal to grant a continuance, because his presence at the trial cannot be procured, is not an abuse of discretion."

In Pacific Coast etc. Bank v. Security Products Co., 56 Idaho 436, 55 P.2d 716, 719, during the trial plaintiff was granted permission to amend its complaint whereupon defendants asked for a continuance, among other things, to take the deposition of the witness who had appraised the property in question. Referring to counsel's statement as to the reason for continuance, the court in denying the motion said, "There was no showing made that he knew who the appraiser was, where he might be found, what he would testify to if found, what effort, if any, had been made to produce him at the trial, or that appellants would be unable to establish the fact sought to be proved by him by another witness."

From the foregoing cases it appears that if the showing made upon an application for a continuance upon the ground of the absence of a material witness, is made in good faith, shows that reasonable diligence has been exercised to obtain the presence of the witness, shows substantially to what the witness would testify and that such testimony is material, and shows a sufficient reason for the absence of the witness by the affidavit of an affiant in position to know the facts, then it is an abuse of discretion for the trial court to refuse to grant a continuance. Of course, if the adverse party admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed. Section 10–109, I.C.

The furnishing of the repairs and the value thereof are facts not in dispute. The controversial issues are those raised by the affirmative defenses. As to such issues Meisner is a key witness and his

testimony indispensable to appellant. No other witness would have knowledge of the facts to which it is alleged this witness would testify. His anticipated testimony is sufficiently set out in the affidavit of Maurice H. Greene. Such affidavit likewise shows reasonable diligence in the efforts to take the deposition of such witness. The application for continuance appears to have been made in good faith upon appropriate grounds. However, there is merit in respondent's contention that the showing made under the application as to the illness of the witness Meisner at the date fixed for taking his deposition is open to question. The affiant Greene did not know of his own knowledge that the witness was ill in fact; and the affiant Boice did not depose as to the illness of the witness prior to February 8, 1953. In the light of this deficiency in the showing, it may be thought that the trial court did not abuse its discretion in denying the motion for continuance.

When the application was made to vacate the judgment of dismissal the deficiency in the showing was cured by the second affidavit of Dr. Boice and the affidavit of Mrs. Cozort showing that the witness was ill and unable to attend the taking of the deposition on February 7, 1953, or to attend the trial on February 16, 1953. This showing is not challenged by counter affidavits appearing in the record.

■■ The motion to vacate the default judgment of dismissal was made on February 26, 1953. There is no objection urged that it was not made timely and within the time limited by Section 5–905, I.C. There was no showing that the rights of respondent were prejudiced by the delay. The failure of appellant to have positive proof of the illness of the witness Meisner available at the date fixed for trial or to have such witness or his deposition present at such time, under the circumstances of this case, constituted excusable neglect. In Atwood v. Northern Pacific R. Co., 37 Idaho 554, 217 P. 600, we held "that the 'mistake, inadvertence, or excusable neglect' contemplated by the statute is such as might be expected on the part of a reasonably prudent person under the circumstances, * * *."

■■ Respondent urges that the complaint shows on its face that the cause of action set out therein is barred by the statute of limitations. The complaint is not entirely clear as to when the cause of action arose. Respondent did not see fit to raise the question of the statute of limitations by special demurrer but pleaded the bar of the statute in its answer. This is an affirmative defense. It is deemed denied by the plaintiff and the burden of proving same is upon defendant. Chemung Mining Co. v. Hanley, 9 Idaho 786, 77 P. 226; McLeod v. Rogers, 28 Idaho 412, 154 P. 970. The matter of the bar of the statute of limitations is not before us for consideration on this appeal.

It appears that the showing made by appellant on its motion to vacate the default

judgment of dismissal reasonably meets all the tests that have been applied to the adequacy of such a showing by prior decisions of this court. We must therefore conclude that it clearly appears that the trial court abused its discretion in denying the motion to vacate the default judgment of dismissal and to reinstate the cause. The order denying such motion is reversed and the cause remanded to the trial court with direction to vacate the default judgment of dismissal and to reinstate the case for further proceedings in the premises. Costs awarded to appellant.

TAYLOR, THOMAS and KEETON, JJ., and BAKER, District Judge, concur.