721 P.2d 736

DEPARTMENT OF LABOR AND INDUSTRIAL SERVICES, State of Idaho, ex rel. John HANSEN, Plaintiff-Appellant,

v.

EAST IDAHO MILLS, INC., a corporation, Defendant-Respondent,

and

EAST IDAHO MILLS, INC., a corporation, Third Party Plaintiff-Respondent,

v.

John HANSEN, Third Party Defendant-Appellant.

No. 15963.

Court of Appeals of Idaho.

June 30, 1986.

Petition for Review Denied Jan. 16, 1987.

Jim Jones, Atty. Gen., Thomas H. Swinehart, Deputy Atty. Gen., Boise, for plaintiff-appellant Dept. of Labor.

Lowell N. Hawkes, Pocatello, for plaintiff-appellant John Hansen.

John B. Kugler, Pocatello, for defendant-respondent.

WALTERS, Chief Judge.

This suit involves a claim for unpaid wages allegedly owed to John Hansen by East Idaho Mills, Inc. (EIM). After a non-jury trial, the magistrate ruled that the wages were owed to Hansen and awarded him treble damages under I.C. § 45–615, plus costs and attorney fees. On appeal to the district court, the district judge held that the magistrate had abused his discretion by not allowing the taking of an out-of-state witness's deposition for use at trial. The district court therefore remanded for a new trial.[1] Hansen and the Department of Labor jointly appeal from the district court's disposition, contending that the district judge erred in remanding for a new trial. We agree and reverse the district court decision.

The record reveals the following facts. In 1977 Hansen was employed as a logger by EIM. In December 1977, EIM terminated Hansen's employment and paid him for the timber EIM believed Hansen had cut. EIM refused to pay approximately $440, contending that Hansen had falsified vouchers detailing how much timber he had cut. Hansen filed a wage claim with the Department of Labor and Industrial Services. Following a hearing, it was determined that Hansen was entitled to the disputed wages. The department then filed suit on behalf of Hansen, and the case was assigned to the magistrate division.

In April 1982, the parties stipulated that all pre-trial discovery had been completed. However, the magistrate ordered approximately ten more weeks for taking depositions and completing additional discovery. The magistrate ordered that all depositions or discovery be completed by June 15, 1982.

The magistrate's pre-trial order indicated to all parties that the court intended full compliance with that order. The order stated that "[f]ailure to furnish any information or failure to comply with this pre-trial order will result in the exclusion of any evidence or disclosures not made to the court or opposing counsel within the time required herein." The court scheduled the trial for October 7, 1982. On September 30, 1982, the attorney for EIM filed a notice of his intent to depose one of its witnesses in Wyoming on the next day.[2] Allegedly, the witness was unable to attend the anticipated trial because of his employment. Hansen's counsel, who was scheduled to be in Denver, Colorado, at the time of the intended deposition, objected to the taking of the deposition. Because the pre-trial order and stipulation had closed discovery and the taking of depositions, the magistrate refused to allow the deposition to be taken. EIM then moved for a continuance of the trial until the out-of-state witness could be brought to Idaho. A hearing on that motion was held the morning of the trial, and the court denied the motion. The trial proceeded. On appeal, the district court held that the magistrate had abused his discretion in not allowing the deposition to take place. Based on the following reasoning, we conclude that the district judge erred in holding that the magistrate should have allowed the deposition.

According to I.R.C.P. 16(a), a pre-trial order controls the course of the action, "unless modified at trial to prevent manifest injustice." In *Stevenson v. Steele*, 93 Idaho 4, 453 P.2d 819 (1969) our Supreme Court construed Rule 16 in respect to

---

1. According to the district court's decision on appeal, EIM had raised five issues. First, EIM contended the magistrate erred in denying EIM's motion for a continuance of the trial because of the unavailability of an out-of-state witness. Second, EIM claimed the magistrate erred in refusing EIM's motion to "strike" the deposition of one of Hansen's witnesses. Third, EIM asserted the magistrate erred in denying a post-trial motion by EIM to amend its answer to the plaintiff's complaint. Fourth, EIM contended that "all findings of fact and conclusions of law [were] erroneous and not supported by the

evidence." Finally, EIM argued that Hansen's claim was time barred. On appeal, the district court ruled only that Hansen's claim was not time barred and that the magistrate had abused his discretion by not allowing the deposition to be taken. Because a new trial was ordered, the district court determined that it was not necessary to address any other issues raised by EIM.

2. Counsel for EIM is also president of that corporation.

amendments to a pre-trial order. In that case the amendment was requested after trial. The court held that such amendments were to be freely granted, absent bad faith or prejudice to the opposing party. The court stated that, under Rule 16, "the [trial] court may expedite justice, but it must always do substantial justice." [3] *Id.* at 9, 453 P.2d at 824. We recognize that balanced against this obligation is the need of the trial court, under its inherent power to regulate its calendar, to efficiently manage the cases before it. Whether to grant a continuance or to allow, on short notice, a deposition to be taken immediately prior to trial are the types of matters a court must consider in attempting to efficiently manage its docket while doing substantial justice to the parties. The Idaho Supreme Court in *Pauley v. Salmon River Lumber Co.*, 74 Idaho 483, 264 P.2d 466 (1953) set forth certain criteria that must be satisfied by an applicant seeking a continuance based on the absence of a material witness. The court held that

> if the showing made upon an application for a continuance upon the ground of the absence of a material witness, is made in good faith, shows that reasonable diligence has been exercised to obtain the presence of the witness, shows substantially to what the witness would testify and that such testimony is material, and shows a sufficient reason for the absence of the witness by the affidavit of an affiant in position to know the facts, then it is an abuse of discretion for the trial court to refuse to grant a continuance.

*Pauley,* 74 Idaho at 490, 264 P.2d at 470; *see also Werry v. Phillips Petroleum Co.,* 97 Idaho 130, 540 P.2d 792 (1975).

The transcript of the hearing on the motion to vacate the trial setting indicates that the magistrate told EIM informally that the deposition would not be allowed because of noncompliance with the pre-trial order. As noted, EIM then requested a continuance until the witness could be available for trial. EIM's motion to continue was filed three days before trial; a hearing on the motion was held on the same day of trial. The attorney for the Department of Labor stated at the hearing that he had never received a copy of EIM's motion for continuance or a copy of the supporting affidavit. He related that his only notice of the motion was a phone call from his secretary received the day before trial and after he had left Boise for the trial in Pocatello. The attorney for Hansen also apparently received very short notice. The magistrate denied the motion for a continuance on the grounds that the notice was not timely and that the reasons given for the witness's absence were not satisfactory or sufficient. Thus the magistrate recognized that there was prejudice to EIM's opponents.

However, even assuming the absence of prejudice or bad faith and recognizing the "freely granted" standard for amending pre-trial orders, we are not persuaded that EIM met the requirements for obtaining a continuance under *Pauley.* First, no affidavit was filed with the motion. The only information offered at the hearing on the motion was counsel's argument that EIM had been told by the witness's employer that the witness could not be present for the trial. EIM provided no information that would indicate any attempt at being reasonably diligent in assuring the witness's presence. Although out-of-state witnesses may involve special problems in respect to either securing their attendance at trial or obtaining their testimony in advance for use at trial, parties should consider those problems well in advance of trial. Also, the suddenly unavailable witness poses particular problems

---

**3.** In reversing the magistrate and remanding for a new trial, the district court below relied on *Stevenson.* However, we believe the district court gave too much weight to that case. As noted, *Stevenson* dealt with an amendment to the pre-trial order that was made on a motion after trial. The amendment was made in order to conform pleadings to the evidence on the grounds that evidence had been received at trial that dealt with a claim not included in the pre-trial order. Thus, other than as a broad statement of the standard to be used in granting amendments to a pre-trial order, *Stevenson* is of little value in this case.

concerning how or whether the trial should proceed. Here, the record does not show that EIM made even reasonable efforts to assure the witness's presence. Nor was there a particularized showing as to the substance and materiality of the witness's testimony. EIM's pre-trial disclosure revealed only that the witness would testify about Hansen's logging practices and that difficulties were encountered in correcting Hansen's mistakes. The pre-trial disclosure listed at least four other witnesses who were scheduled to testify concerning the same or similar facts. We note that two of those witnesses were not called by EIM, yet the record does not indicate any reasons for their absence. The record also fails to show any evidence that the magistrate was aware that the other witnesses would not be present.

Based on EIM's pre-trial disclosure we can find no evidence that the absent witness's testimony would have been anything more than cumulative to other testimony which EIM said it would offer.[4] Also lacking is any statement by an affiant in a position to know the facts showing a sufficient reason for the absence of the witness. While employment obligations can often interfere with the planned presence of a witness, we do not believe the general statement by the counsel for EIM at oral argument on the continuance motion—that the witness's employer said the witness was unable to leave work on the scheduled trial date—without more, is the kind of showing that would make it an abuse of discretion to deny a continuance.

Furthermore, the hearing transcript indicates that although Hansen's attorney could not attend the deposition because of a previous commitment, he had hand-delivered to EIM's attorney a letter offering to allow the taking of the deposition by telephone and stating that he would not object to its admission at trial. The letter is not part of the record, but EIM has not contested this fact and we assume it to be true. We are at a loss to understand why EIM rejected this offer, and as well, why the district court did not address this fact or apparently consider it in rendering its decision. It appears to us that a telephone deposition was a reasonable means of resolving the conflicts posed by the unavailability of a witness whose testimony had been anticipated for at least five months prior to trial.

We note that this case had been pending on the trial calendar for almost four and one-half years. All parties had stipulated to the completion of discovery, and the court had clearly indicated its intention to require compliance with the pre-trial order. Upon review of the record, we find nothing to indicate that the magistrate abused his discretion in refusing to permit the deposition to be taken, or in denying the request for a continuance of the trial.

Accordingly, we conclude that the district court erred in remanding for a new trial based on the denial of the taking of the deposition. Because the district court did not dispose of all issues raised by EIM on its appeal from the magistrate division, the case is remanded to the district court for further proceedings. Costs on appeal to the Department of Labor and John Hansen, but no attorney fees. *See Rodwell v. The Serendipity, Inc., of Boise,* 99 Idaho 894, 591 P.2d 141 (1979).

BURNETT and SWANSTROM, JJ., concur.

---

**4.** Here we should note that in addition to not filing an affidavit which would have perhaps shown the uniqueness or critical nature of this witness's testimony, EIM also did not file an appellate brief with this Court that might explain the lack of an affidavit or at least indicate the need for the witness's testimony. We also note that apparently EIM did not file a brief on the appeal to the district court to shed any light on these matters.