In re the MARRIAGE OF Peter Otto
GOELLNER, Appellee,

and

Charlene Marie Goellner, Appellant.

No. 87CA0429.

Colorado Court of Appeals,
Div. V.

Feb. 2, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Pred and Miller, Ronald S. Pred, Denver, for appellee.

Winnie & Winnie, P.C., John S. Winnie, Boulder, for appellant.

PLANK, Judge.

Charlene M. Goellner (mother) appeals the judgment of the trial court entered in this dissolution of marriage action. She also appeals the trial judge's order denying her motion for him to disqualify himself. We reverse the judgment and affirm the order.

At the beginning of trial of all the matters at issue between the parties, which included a serious dispute over custody of the parties' child and over the proper valuation of the parties marital property, counsel for Peter Goellner (father) estimated that trial of the issues would take one day while counsel for the mother estimated two days would be necessary. After some discussion, the trial court determined that each side would be granted six hours to present his or her case.

According to the trial court's allocation system of time expended, the father presented his case in approximately five hours. The mother cross-examined the father's witnesses consuming approximately five and one-half hours of her allotted time. With one-half hour left, mother then commenced her case-in-chief and exhausted her allotted time prior to testifying.

The trial court refused to allow the mother or additional witnesses to testify on the issues of child custody and the vastly disputed value of the marital property. As a result, the mother's counsel moved for a continuance in order to present essential testimony on his client's behalf. In the alternative, he requested a mistrial. The trial court denied both motions and ruled on the evidence then before it.

I.

██ The mother initially contends that her due process rights were violated because the trial court, by limiting her time to present evidence, denied her the right to a full and fair hearing. We agree.

██ The opportunity to be heard, an inherent element of due process, must be granted at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Balanced against this obligation of the trial court to accord each party due

process is its need to regulate its calendar and to manage efficiently the case before it. *Rules Department of Labor & Industrial Services ex rel. Hansen v. East Idaho,* 111 Idaho 137, 721 P.2d 736 (Idaho App.1986). Nevertheless, a court's interest in administrative efficiency may not be given precedence over a party's right to due process, which includes the right to cross-examine to meet opposing evidence and to oppose with evidence. *See Estate of Buchman,* 123 Cal.App.2d 546, 267 P.2d 73 (1954). Hence, because the mother was allotted only one-half hour to present her case-in-chief, we conclude that she was denied due process.

It is evident from the record that the trial court was adamant in allowing only six hours to each side to present that party's case. That may well have been adequate for purposes of presenting the party's own evidence; however, the six hours was also to include the time spent in cross-examining the opposing party's witnesses. The court allowed no flexibility in the time period allocated. This constitutes prejudicial error in that the mother was not given the opportunity to testify or present witnesses regarding issues of custody and the valuation of the marital estate.

That the barred evidence had considerable significance is revealed by the court's own later comments in denying the motion for new trial, the court stated that the testimony of certain witnesses would have been "enlightening." Furthermore, the trial court stated it was "regrettable" that it was unable to hear certain evidence because of the mother's time having been exhausted.

█ The record demonstrates that counsel did not make a proper estimate of the time that would be needed for the court to hear this case. And, we emphasize that counsel has a duty to make an accurate estimate, as nearly as possible, of the time which is required to try a case in order to assist the court in managing its dockets. Nevertheless, while dockets in the domestic relations division of the court may be crowded, and while the trial court may have an obligation to move matters before it as rapidly as possible, litigants are nevertheless entitled to have sufficient time to make an orderly presentation of their case. *Lisiten v. Lisiten,* 30 Colo.App. 375, 492 P.2d 895 (1972). Accordingly, we conclude, regardless of counsel's miscalculation of time, that under the facts and circumstances presented here, the mother was denied a full and fair hearing, and the refusal of the court to allow the mother to present testimony was an abuse of discretion. *See Anderson v. Anderson,* 167 Colo. 88, 445 P.2d 397 (1972); *Lisiten v. Lisiten, supra.*

## II.

In a motion for new trial, the mother attached affidavits which were considered by the trial court as a motion for a change of judge pursuant to C.R.C.P. 97. The trial judge declined to disqualify himself and that denial is the basis of the mother's final contention of error.

In her motion for a new trial, the mother alleged that the conduct of the trial court towards her counsel was hostile and prejudiced. The mother contended that this cast great doubt as to the trial court's neutrality and impartiality in determining the disputed issues between the litigants. Attached to the motion were several affidavits attesting to the alleged bias of the judge.

█ Whether a judge should be disqualified in a case is a matter within the discretion of the trial court, and its ruling will not be disturbed on appeal except for an abuse of discretion. *See In re Marriage of Mann,* 655 P.2d 814 (Colo.1982). However, a trial judge must accept affidavits filed with a motion to disqualify as true, even though the judge believes that the statements contained in the affidavits are false or that the meaning attributed to them by the party seeking recusal is erroneous. *See Wright v. District Court,* 731 P.2d 661 (Colo.1987); C.R.C.P. 97. Once facts have been set forth that create a

reasonable inference of a "bent of mind" that will prevent the judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial judge to recuse himself. *See People v. Botham*, 629 P.2d 589 (Colo.1981).

Thus, we are presented with the question of whether the affidavits in this case alleged conduct which, if true, show bias and prejudice. We conclude that they do not.

■ To sustain a motion under C.R.C.P. 97, the facts alleged in the affidavits may not be based on "mere suspicion, surmise, speculation, rationalization, conjecture, [or] innuendo," nor can they be "statements of mere conclusions of the pleader." *Johnson v. District Court*, 674 P.2d 952 (Colo.1984); *Litinsky v. Querad*, 683 P.2d 816 (Colo. App.1984).

■ The supporting affidavits, in our view, were insufficient to warrant disqualification of the trial judge. The allegations in the affidavits did not concern "*actual events* and statements which, if true, evidence partiality or the appearance of bias or prejudice against" the mother on the part of the judge. *Johnson v. District Court, supra*, (emphasis added). Nor, was disqualification required merely because of the trial court's ruling concerning the time permitted for the presentation of evidence.

Accordingly, the judgment is reversed and the cause remanded to the trial court for a new trial on all issues. The order of the trial judge refusing to disqualify himself under C.R.C.P. 97 is affirmed.

JONES and NEY, JJ., concur.